*123 OPINION.
MoRRis:
The petitioner relies for its right to the deduction claimed upon the provisions of article 46, Regulations 69, promulgated by the respondent pursuant to the Revenue Act of 1926, which provides:
If the vendor had retained title to the property and the purchaser defaults in any of his payments, and the vendor repossesses the property by agreement or process of law, the difference between (1) the entire amount of the payments actually received on the contract and retained by the vendor and (2) the sum of the profits previously returned as income in connection therewith and an amount representing proper adjustment for exhaustion, wear and tear, obsolescence, amortization and depletion of the property while in the hands of the purchaser, will constitute gain or loss, as the case may be, to the vendor for the year in which the property is repossessed, and the basis of the property in the hands of the vendor will be the original basis at the time of the sale. If the vendor had previously transferred title to the purchaser, and the purchaser defaults in any of his payments and the vendor reacquires the property, such repossession shall be regarded as a transfer by the vendor, in exchange for the property, of so much of the face value of the purchaser’s obligations as are applied by the vendor to the purchase or bid price of the property. Such an exchange will be regarded as having resulted in the realization by the vendor of gain or loss, as the case may be, for the year of repossession, measured by the difference between the fair market value of the property and the face value of those obligations of the purchaser which were applied by the vendor to the purchase or bid price of the property to the extent that the fair market value thereof was previously recognized in computing income. The fair market value of the property shall be presumed to be the amount for which it is bid in by the vendor in the absence of clear and convincing proof to the contrary. If the property so acquired is subsequently sold, the basis for determining gain or loss is the fair market value of the property at the date of acquisition.
The foregoing article of the regulations provides further that:
The provisions of articles 44 and 45 and of this article shall be retroactively applied in computing income from the sale of real property under the Revenue Acts of 1916, 1917, 1918, 1921, and 1924, or any of such Acts as amended. (See section 1208.)
The facts of record show that the petitioner sold the land in question to one Sass for $16,440, payable by promissory notes secured by mortgages, and that the profit of $2,940, being the difference *124 between the cost of $13,500 and the said selling price of $16,440, was recorded in its books of account and accounted for by the petitioner in its tax return for that year. The record shows further that the purchaser defaulted on his obligations, that suit was filed against him, and that in 1920 a settlement agreement was entered into re-suiting in the cancellation of $13,440 of said indebtedness and the repossession of the property. The evidence adduced convinces us that the land when so repossessed had a value of not more than $3 an acre.
Satisfied as we are that there were two separate and distinct transactions, namely, a sale by the petitioner in 1915 on which it reported the income derived therefrom, and a repossession in 1920 because of default of the purchaser, resulting in a deeding back" of the same property to the petitioner; that a loss was actually sustained upon said repossession measured by the proven fair market value of the property at that time, and being of the opinion that the respondent’s regulations relied upon by the petitioner apply to the identical facts adduced here, we hold that error was committed in disallowing the loss sustained.
Reviewed by the Board.

Judgment vMl he entered wider Rule 50.