HENRY HELDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29095. Promulgated June 12, 1929.

*F. W. McReynolds*, Esq., for the petitioner.
*W. F. Gibbs*, Esq., for the respondent.

**OPINION.**

PHILLIPS: In 1920 the petitioner owned a farm which had cost him, with improvements and after deducting depreciation, $35,362.50. He sold it in that year for $60,000, receiving $20,000 in cash and the balance in a mortgage, which the parties are agreed had no fair market value. In those circumstances no tax could properly be imposed until there was a realization upon the mortgage. No tax

was paid on this sale, or, precisely stated, the tax which was paid was subsequently refunded. It seems evident that at this point the petitioner owned a mortgage which, for the purpose of computing taxable gain or loss on its sale or other disposition, had cost him $15,362.50. Any greater sum which he realized from such mortgage would be income. In 1924 petitioner exchanged this mortgage and $1,000 in cash for the property, which then had a value of $37,000. The Commissioner determined that petitioner realized a gain of $20,637.50 from this transaction, being the difference between $37,000 and the sum of $15,362.50 and $1,000. We are of the opinion that the action of the Commissioner was proper.

Petitioner contends that this was merely a purchase of property, which can never give rise to a gain. While it was a purchase of real estate, it was likewise a sale or other disposition of the mortgage. One asset was exchanged for another. Such a transaction gives rise to a gain or loss.

Petitioner relies upon our decisions in *Manomet Cranberry Co.*, 1 B. T. A. 706, and *I. M. Davis*, 2 B. T. A. 359, as controlling. In each of those cases the face value of the mortgage was returned as income when received. For tax purposes those mortgages had a cost equal to their principal amount, and no gain would be realized until a sum greater than their face amount was realized upon them. In the case of *Manomet Cranberry Co.*, the real property was sold under foreclosure and purchased by the owner of the mortgage. We held that the value of the property was unimportant; that as there had been a purchase, the purchase price controlled and not the value of the property. It appeared, however, that after making allowance for costs and taxes paid by the purchaser, the purchase price was in excess of the cost of the mortgage. These were considered part of the price and the petitioner there was charged with taxable gain to the extent that the price realized exceeded the cost of the mortgage. The transaction was treated exactly as it would have been treated had the property been sold to a third party, the proceeds paid to the mortgagee and used by him to purchase other property. The single question presented was whether, when the mortgagee purchased the property at foreclosure, computation of his gain was to be measured by the price he bid or by the value of the property. We were of the opinion that in such a case the price paid was controlling and that value was immaterial.

In the case of *I. M. Davis*, *supra*, the property received back had depreciated in value and was worth only the cost of the mortgage. It is obvious that no gain resulted.

In the case before us, there was no sale of the property; consequently the value of that which was received in exchange for the

mortgage may not be measured by its purchase price, but must be measured by its value. Using this measure and applying against it the basis which must be used as the cost of the mortgage to petitioner, there is a gain in the amount computed by the Commissioner.

This property cost petitioner $35,362.50. When he received it back it was worth $37,000. In the meantime he had received cash of $20,000. It is evident that petitioner has realized some $20,000 from these transactions which is subject to tax at some time. No tax having been imposed upon the sale because of the doubtful value of the mortgage, the transaction became subject to tax when the mortgage was discharged.

Reviewed by the Board.

*Decision will be entered for the respondent.*