**BOWLES LUNCH, Inc., v.
UNITED STATES.**

No. 43486.

Court of Claims.

June 3, 1940.

John C. Boland, of Syracuse, N. Y., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

WHALEY, Chief Justice, and LITTLETON, GREEN, and WHITAKER, Judges.

WHITAKER, Judge.

On March 2, 1928, the plaintiff, a Massachusetts corporation, sold a piece of real estate and certain other property for a certain consideration, a part of which was secured by a mortgage on the property. Later, in 1931, the plaintiff repossessed the property. The question presented is whether or not it is entitled to a deduction of a loss or of a bad debt arising out of the transaction. The essential facts are as follows:

The plaintiff on the date stated sold to Robert Bersani a piece of real estate known as the Lansing Building and certain lunch room equipment contained therein for a total consideration of $425,000 (upon which transaction it reported a profit in its income tax return for 1928 of $41,161.18). This consideration was paid by the assumption of a first mortgage on the property of $140,000, by the payment of $100,000 in cash, and by the execution of a third mortgage of $185,000. Of the $100,000 paid in cash, $50,000 was secured from the first mortgagee on a second mortgage on the premises.

In its income tax return for 1931 plaintiff claimed no deduction on account of this transaction, but on June 12, 1934, it filed a claim for refund of $10,369.09, plus interest of $45.93, on the ground, among others, that it was entitled to a deduction from gross income of $101,014.32 on account of the repossession of this property. This claim was denied and this suit was brought.

The plaintiff claims the deduction either as a bad debt under section 23(j) of the Revenue Act of 1928 (45 Stat. 791), or as a loss under section 23(f) of that Act, 26 U.S.C.A. Int.Rev.Acts, page 357.

It is stipulated that the market value of the property at the time it was repossessed was $300,000. There was then outstanding against it first and second mortgages, the principal of which aggregated $190,000, accrued interest on the first mortgage of $1,561.65, City, County and State taxes of $10,802.32, and it cost plaintiff

$3,050.35 to reacquire the property. By its reacquisition, therefore, plaintiff acquired an equity of $94,585.68. It claims as a bad debt the difference between this equity and the amount of the mortgage, plus accrued interest, $176,558.53, or $81,972.85. In the alternative, it claims a loss of this amount.

The stipulation of facts, which is all the evidence in the case, states that each of the conveyances to the plaintiff was made "subject to mortgages, taxes and all existing leases." It also states that "no consideration was passed for the last two mentioned deeds except that the parties personally liable on plaintiff's mortgage were released from their obligation thereon." Since the parties personally liable were released from liability and the property was reconveyed to the mortgagee, the liability was extinguished, the debt was wiped out. Since there was no longer a debt, the plaintiff is not entitled to a deduction under section 23(j).

The plaintiff claims a deduction for a partial bad debt under that portion of section 23(j) which reads as follows: "And when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

This section, however, has in mind a transaction to be completed in the future, and not one already completed. When the plaintiff accepted the property in satisfaction of the debt, the debt was extinguished and, therefore, there can be no deduction for a bad debt.

None of the cases cited by plaintiff in its brief are in point. In none of them was there involved a reconveyance to the mortgagee of the property in satisfaction of the mortgage debt.

If the plaintiff is entitled to a deduction at all in this case, it is entitled to it as a loss under section 23(f). The plaintiff relies on article 354 of regulations 74. This regulation provides that where property is repossessed in consideration of the cancellation of all or a part of the indebtedness against it, a gain or loss will result— " * * * measured by the difference between the fair market value of the property and the basis in the hands of the vendor of the obligations of the purchaser (generally, the fair market value thereof which was previously recognized in computing income) which were applied by the vendor to the purchase or bid price of the property."

Under this regulation the plaintiff says that it is entitled to the difference between its mortgage debt and the fair market value of the equity acquired. In computing its profit when it sold the property the plaintiff treated the notes secured by the third mortgage as worth their face value. Under the regulation, in computing its loss on a reacquisition of the property it is entitled to use this same value. If the regulation is valid, the plaintiff is entitled to a deduction of a loss measured by the difference in the face of the unpaid notes and the agreed market value of the equity in the property acquired.

The provisions of the Revenue Acts succeeding the Revenue Act of 1928 with relation to the deduction of losses are substantially the same as the provision of the Revenue Act of 1928, under which the regulation relied upon was promulgated. Provisions similar to that in the above article appear in regulations 77 under the 1932 Act (article 354), in regulations 86 under the 1934 Act (article 44-4), in regulations 94 under the 1936 Act (article 44-4), and regulations 101 under the 1938 Act (article 44-4). See, also, T.D. 4832, 1938-2 C.B. 155. Legislative sanction has, therefore, been presumptively given to the regulation.

The regulation has been approved and applied by the Board of Tax Appeals. Home State Bank v. Commissioner, 15 B.T.A. 121; Henry Heldt v. Commissioner, 16 B.T.A. 1035.

But it is said the principle of the opinion of the Supreme Court in Helvering v. Midland Mut. Life Insurance Co., 300 U.S. 216, 57 S.Ct. 423, 81 L.Ed. 612, 108 A.L.R. 436, is contrary to the regulations. In that case the Supreme Court held that where a mortgagee at a foreclosure sale bids in the property for the principal of the debt, plus interest, he is deemed to have received the interest and is taxable on it, notwithstanding the fact that the value of the property acquired might have been less than the principal and accrued interest. The court saw no difference between a purchase by a mortgagee and a purchase by a stranger. Since the mortgagee would have been taxable on the interest had a stranger bid the amount of the debt plus accrued interest, the court was of opinion that it was likewise taxable if such a bid was made by it.

The Circuit Court of Appeals for the First Circuit, in Hadley Falls Trust Co. v.

United States, 110 F.2d 887, saw no inconsistency between this opinion and article 193 of regulations 74, which contains, in part, substantially the same provisions as article 354 above.

The Circuit Court of Appeals for the Eighth Circuit, in Helvering v. Missouri State Life Ins. Co., 78 F.2d 778, which also dealt with the receipt of interest on a reacquisition of the property, drew a distinction between property reacquired by the mortgagee at a foreclosure sale and property voluntarily reconveyed to it in consideration of the cancellation of the indebtedness. Where the property was reacquired at a foreclosure sale on a bid by the mortgagee of the principal of the debt and interest, the court held the mortgagee was taxable on the interest; but, on the other hand, it held that where it reacquired the property by voluntary reconveyance in consideration of the cancellation of the debt and interest, it did not receive the interest unless the value of the property was at least equal to the amount of the principal and interest. See Lucey, Receiver of National Life Insurance Co. v. United States, 78 Ct.Cl. 369, 390, 4 F.Supp. 1000.

We express no opinion as to the deductibility of a loss where property is reacquired at a foreclosure sale. But we are of opinion that where the property is voluntarily reconveyed in consideration of the cancellation of the indebtedness, a loss does occur if the market value of the property is less than the valuation of the mortgage notes used in computing the profit on the original sale. Where property is reacquired at a foreclosure sale the bidding is competitive, and it may be assumed that the bidder was required to bid as high as he did in order to acquire the property. If so, it may be presumed that the market value of the property was not less than the amount bid. Lucey, Receiver of National Life Insurance Co. v. United States, 78 Ct.Cl. at page 391, 4 F.Supp. 1000. On the other hand, we think no such presumption arises where there is a voluntary reconveyance and where it appears that the mortgagor is insolvent. In such case the mortgagee cancels the indebtedness, not necessarily because the property reacquired is worth the amount of the debt, but because he is unable to realize any more. If in such case, as a matter of fact, the market value of the property is less than the amount of his debt, it would seem to follow that a loss results. The regulations, frequently reaffirmed, so provide. We see nothing in Helvering v. Midland Mut. Life Insurance Co. supra, which conflicts with the regulation relied on, as applied to the facts of this case.

We hold, accordingly, that the plaintiff is entitled to deduct as a loss the difference between the face of the notes $172,500 plus accrued interest of $4,058.53, and the stipulated fair market value of plaintiff's equity in the property, $94,585.68, or the sum of $81,972.85.

The defendant, however, says that the plaintiff in its claim for refund made claim for a bad debt and not for a loss. The heading under which it makes this claim reads: "Loss on Acquisition of Real Estate." Under this heading it computes its loss by deducting from the amount of the second mortgage what it claims is the value of the property acquired. It is true that it designates this as "loss on partial bad debt," but this is merely an improper designation. The claim as made is a claim properly falling under section 23(f). The defendant was fully advised as to the basis of plaintiff's claim and, therefore, we think it cannot take advantage of the fact that plaintiff improperly characterized it.

It results that the plaintiff is entitled to recover of the defendant the sum of $9,-836.74, with interest as provided by law. It is so ordered.