COMMISSIONER OF INTERNAL REVE-
NUE v. NATIONAL BANK OF COM-
MERCE OF SAN ANTONIO, TEX.

No. 9505.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1940.

John A. Gage and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Robert S. Durno, D. M. Gordon, Jr., and P. M. Chuoke, Jr., all of Houston, Tex., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

What is in question here is whether the loss resulting to the taxpayer from its acceptance of the security in cancellation of notes secured by a deed of trust, was, as the board held, a bad debt loss, under Section 23, Revenue Act of 1934,[1] or was as claimed by the Commissioner, a capital loss under Section 117 of the Act.[2] The facts as stipulated by the parties and as found by the board are fully set out in its opinion, 40 B.T.A. 470. It will suffice here to briefly summarize them.

Taxpayer, a national bank, is engaged in general banking and also conducts a trust department. It made the several loans and advancements of money involved herein in the due course of its business and for a profit. In November, 1930, taxpayer loaned to the trustees of the estate of one Webster, deceased, $38,000, secured by a deed of trust, which indebtedness has never been paid but has been from time to time renewed; in June, 1931, Marie Carter Sturges, the widow of Webster, having gotten title to all the property of the estate, joined by her husband, transferred its properties to the taxpayer as trustee and also for the purpose of better securing the indebtedness of the trust estate to the taxpayer. It was provided in the deed that taxpayer as trustee should have the right to sell and dispose of all the properties conveyed to it, to mortgage and encumber them as it deemed advisable, but that it should not be liable or bound for any indebtedness incurred, the property alone to be bound and obligated.

Under, through and by virtue of this deed to it, taxpayer, as trustee, borrowed from itself as a national bank, various sums evidenced by notes signed "Trust Account, No. 20., Marie Carter Sturges, by Chapman, Assistant Trust Officer." And these notes together with those previously made and renewed, aggregating $58,500, were on July 2, 1934, merged into one note, maturing January, 1935. By a note dated November, 1934, the indebtedness

---

[1] 26 U.S.C.A.Int.Rev.Acts, page 671.

[2] 26 U.S.C.A.Int.Rev.Acts, page 707.

was again renewed and extended to May, 1935. On December 15, 1934, taxpayer made an additional advancement to the trust evidenced by a note for $5,895.85 and this note on January 26, 1935, under instructions and directions of the National Bank Examiner, it charged off to profit and loss. In May, 1935, the indebtedness of the trust estate having risen to $62,-305.19, the trust estate and trust account having become insolvent, the property securing the indebtedness having depreciated in value, and neither Mrs. Sturges nor her husband being personally liable for the indebtedness or any part of it, it was arranged that she as sole owner of the property, subject to the taxpayer's lien, should surrender it to them in cancellation of the notes against it.

This done, the taxpayer credited its real estate account with $37,500.19 the fair market value of the securities and charged off $24,800 to profit and loss. The notes for $5,598.95 and $58,500 were marked cancelled but were retained by and are still in taxpayer's possession. On these facts, the board found that as to the creditor taxpayer the loss sustained was not a capital loss as the loss to the debtor taxpayer on the sale of purchased lands for the unpaid balance against them had been held to be in Betty Rogers Case, Rogers v. Com'r, 9 Cir., 103 F.2d 790, Cf. Pender v. Com'r, 4 Cir., 110 F.2d 477; it was purely and simply a bad debt loss. The fact that the debt was partially secured and that the application of this security to the debt effected some diminution of the loss could not, the board thought, convert what was simply a bad debt loss into a capital exchange transaction.

 We agree with the board. Situations giving rise to tax losses or gains are not to be dealt with by strained and unreal constructions to accrue or increase a tax, but they are to be given a common sense and natural construction in accordance with the realities of the facts making them up. Helvering v. Hindes, 4 Cir., 74 F.2d 537; Old Colony R. Company v. Com'r, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484. Everything that occurred here was in the usual course of a debtor and creditor transaction; the making of the loans; the default on them; their closing out because of insolvency and depreciation; the losses consequent thereon. The fact that the notes were cancelled and retained by the bank instead of being delivered to Mrs. Sturges, and there was in fact no exchange of properties, would not we think, be of importance if the transaction were otherwise a sale or exchange. The form it took however makes more clear that the substance of the transaction was, that there was no sale but a mere winding up of, and a realization of loss, on a bad debt transaction. Hale v. Helvering, 66 App. D.C. 242, 85 F.2d 819; Bingham v. Com'r, 2 Cir., 105 F.2d 971; Cf. Com'r v. Electro Chemical Company, 2 Cir., 110 F.2d 614.

The board was right. It's judgment is affirmed.

Affirmed.