BLANCHE F. DAVIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1686–69SC.   Filed February 5, 1970.

*Robert H. Aland*, for the petitioner.
*Lewis M. Porter, Jr.*, for the respondent.

**OPINION**

1. *Section 1034 Issue.*—Respondent's position is that the apartment building was in reality held by a partnership, not a trust, and that the partnership entity sold the property. Since section 1034(a)[2] requires that petitioner's old residence be "sold by [her]," respondent contends that when a partner's residence is owned and sold by the *partnership* and replaced by the partner, section 1034 does not apply. In the alternative, respondent argues that only 25 percent (petitioner's beneficial share of the property) of $33\frac{1}{3}$ percent (she resided in one of three apartments) of the gain is subject to nonrecognition.

Petitioner contends that the building was held by a trust, that the trust may be disregarded for purposes of section 1034, and that so long as her residential share of the property ($\frac{1}{3}$) exceeds her beneficial share ($\frac{1}{4}$), her gain ($\frac{1}{4}$ share of total gain) should go unrecognized.

---

[2] SEC. 1034. SALE OR EXCHANGE OF RESIDENCE.

(a) NONRECOGNITION OF GAIN.—If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

She relies on Rev. Rul. 66–159, 1966–1 C.B. 162, which allowed non-recognition under section 1034 to the grantor-owner of a trust. Under section 671, the income, deductions, and credits are attributed to the owner, rather than the trust. The trust is virtually ignored. See sec. 1.671–3, Income Tax Regs.; and compare Rev. Rul. 54–583, 1954–2 C.B. 158, where nonrecognition was denied to a taxpaying trust. Petitioner's alternative argument is that if the trust is determined to be a partnership for Federal tax purposes, it should be treated as an aggregate of individuals, not an entity, for section 1034 purposes.

We are not inclined to agree with the arguments of either party. Respondent urges us to determine that the Illinois land trust was a partnership for Federal tax purposes. However, he has not dealt with the effect of section 704(c)(3), which may accomplish for a partner what section 671 accomplishes for a grantor-beneficiary. Section 704(c)(3) is a pass-through provision requiring that in certain respects undivided property be treated "as though such undivided interests had not been contributed to the partnership." On the other hand, we think the petitioner's reliance on Rev. Rul. 66–159, *supra*, is misplaced. In that ruling the grantor requested the trustee to purchase residential property for the grantor and his family to occupy. The residence was later sold and replaced by the trust without recognition of gain by the grantor-owner. Contrary to the instant case, the property involved in the ruling had "never been rented and the grantor [had] never paid rent to the trustee."

Section 1034 was intended to apply to transactions "of the nature of an involuntary conversion." S. Rept. No. 781, 82d Cong., 1st Sess. (1951), 1951–2 C.B. 482. In many instances a taxpayer changes his residence either because of a change in employment or an increase in family size. Very often the "gain" upon sale is an inflationary one, and mere replacement of the residence will require using all of the proceeds from the old house. Thus, in such circumstances, taxing the gain would create a hardship thwarting the maintenance or the attainment of adequate living conditions.

In providing relief, Congress carefully drew a distinction between depreciable business property and nondepreciable residential property. "The term 'residence' is used in contradistinction to property used in trade or business and property held for the production of income." S. Rept. No. 781, Supp. Rept., *supra* at 566. See sec. 1.1034–1(c)(3), Income Tax Regs. The distinction is necessary because the "special treatment is not limited to the 'involuntary conversion' type of case" due to the administrative burden. S. Rept. No. 781, *supra* at 483. Nonrecognition of gain upon the disposition and replacement of business property is available where there is an involuntary conversion (sec. 1033) or exchange in kind (sec. 1031).

In our opinion the petitioner is not entitled to avail herself of the provisions of section 1034 because the apartment she "used" was business property. It was not a "residence" within the meaning of section 1034. A homeowner to whom section 1034 applies pays no rent and does not depreciate his home. By contrast, petitioner's payment of $85 per month to the trustee of the land trust, coupled with her management services, was no different from the $175 rent paid each month by the unrelated tenants. In addition, her share of the apartment building was being depreciated through the Illinois land trust. At all times the petitioner and the land trust dealt at arm's length, treating her apartment as business property.

The Illinois land trust was an entity that enabled petitioner to treat her apartment as business property from which she derived substantial tax benefits not available to taxpayers who are the owners of their personal residences. Under the circumstances we find it unnecessary to determine for Federal tax purposes whether the entity was a trust or a partnership. What matters is that property which was a residence in petitioner's hands was business property when held by the land trust. That entity came between petitioner and her property, changing her tax treatment of the property. It cannot be ignored now. This view is consistent with the distinction made in Rev. Rul. 66–159, *supra*, and Rev. Rul. 54–583, *supra*, between trust entities which affect income tax liability and those which do not. In the present case we think it is of no consequence whether the entity itself is a taxpayer.

Accordingly, we hold that the petitioner is not entitled under section 1034 to nonrecognition of any portion of the gain she realized from the sale of the Jeffery Avenue property.

2. *Bad Debt Issue.*—We reject respondent's contention that there was no bona fide debt. Petitioner clearly expected repayment, and no doubt could have insisted upon it. However, she chose not to press for payment because to do so would have delayed the distribution of money needed for her new house and because she did not care to sue her brother and sisters. Petitioner has offered no proof that her claim ever became worthless; and in view of the sizable distributions to the beneficiaries, such proof is probably unavailable. Petitioner was not unable to collect her debt. She simply chose not to do so. Whether this be viewed as a sale of the claim for satisfactory consideration or as a gift, it is not a bad debt. See *Civilla J. Brubaker*, 28 T.C. 1281 (1957); *George F. Thompson*, 6 T.C. 285 (1946), affirmed per curiam 161 F. 2d 185 (C.A. 2, 1947); *American Felt Co.*, 18 B.T.A. 504 (1929), affd. 58 F. 2d 530 (C.A.D.C. 1932).

*Decision will be entered for the respondent.*