T.C. Memo. 1997-75

UNITED STATES TAX COURT

KENNETH D. SHEPHERD AND MARTHA A. GREGORY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20377-95.                    Filed February 12, 1997.

Kenneth D. Shepherd and Martha A. Gregory, pro se.

<u>Cathleen A. Jones</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes, an addition to tax, and penalties as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalties Sec. 6662(a) | Sec. 6663(a) |
|------|-----------|--------------------------------|------------------------|--------------|
| 1991 | $2,586 | --- | $258 | $974 |
| 1992 | 2,002 | $79 | 133 | 1,001 |

After concessions,[2] the issues for decision are: (1) Whether petitioners are entitled to claim trade or business deductions; (2) whether petitioners are entitled to claim a bad debt deduction; (3) whether petitioners are liable for the section 6651(a)(1) addition to tax for 1992; (4) whether petitioners are liable for the section 6663(a) penalty for fraud; and (5) whether petitioners are liable for the section 6662(a) accuracy-related penalty for negligence.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Tulsa, Oklahoma, on the date the petition was filed in this case.

Petitioner wife worked full time as a librarian at the Tulsa City County library. After her regular work hours, petitioner wife performed limited research services for her brother and at

---

[2] In their petition, petitioners failed to address respondent's determinations that they received and failed to report: (1) Capital gain on the sale of a mutual fund in taxable year 1991; (2) interest income in taxable year 1992; and (3) a state income tax refund in taxable year 1992. We deem petitioners to have conceded these items. Rule 34(b)(4).

least one other person. Petitioner husband's claimed training is in the area of chemical engineering and electronics.

Prior to their marriage, petitioner husband was involved in developing a golf club cleaning machine made by Ree-Born Industries, Inc. Specifically, petitioner husband worked on formulating the chemical solution used to clean golf clubs. He also negotiated with Ree-Born Industries, Inc. for the rights to market the machine to potential purchasers, such as country clubs.

Petitioner husband experienced some financial difficulties in his efforts to market the golf club cleaning machine. On July 1, 1989, he signed a promissory note, in the amount of $6,000, payable to his current wife Martha Gregory. The promissory note states that the entire debt was to be paid in a lump sum on January 1, 1990, together with interest computed at a variable rate. No payments were made on the moneys, if any, advanced to petitioner husband, nor did petitioner wife ever request any such payments.

Petitioners were married on March 15, 1990, and filed joint Federal income tax returns for 1991 and 1992. On those returns, petitioners claimed Schedule C deductions for alleged losses resulting from their activity in "Information Brokering Products & Services" operated under the name of MGO Information Services. Petitioners also claimed a capital loss deduction in the amount of $3,000 on their 1991 return. The deduction was claimed as a

carry forward of a capital loss resulting from the 1990 write-off by petitioner wife of petitioner husband's alleged indebtedness to her.

The first issue for decision is whether petitioners are entitled to claim trade or business deductions on their 1991 and 1992 returns for expenses allegedly incurred in their research activities. In the notice of deficiency, respondent disallowed the claimed Schedule C deductions upon the grounds that petitioners' research activities were not engaged in for profit, and that, with the exception of certain expenses for interest and taxes, petitioners failed to substantiate the claimed deductions.

Respondent's determinations are presumed to be correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Furthermore, deductions are strictly a matter of legislative grace, and petitioners must demonstrate their entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the requirement that petitioners substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a taxpayer to deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Whether an activity constitutes the taxpayer's trade or business within the meaning

of section 162(a) generally depends upon whether the taxpayer's purpose for engaging in the activity is for income or profit, and whether the activity is conducted with continuity and regularity. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Section 183(a) disallows any deductions attributable to "activities not engaged in for profit" except as provided in section 183(b).

Respondent argues that petitioners' research activity was not engaged in for profit and any claimed deductions are subject to the limitations of section 183(b). Furthermore, respondent contends that petitioners must substantiate any deductions claimed. Rule 142(a).

Whether a taxpayer engaged in an activity with the primary purpose of making a profit is a question of fact. Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. While a reasonable expectation of profit is not required, taxpayer's profit objective must be bona fide. Taube v. Commissioner, 88 T.C. 464, 478-479 (1987). In making this determination, the Court gives more weight to objective facts than to a taxpayer's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors to be considered in determining whether an activity is engaged in for profit. The factors include: (1) The manner in which the taxpayer carried on the

activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.

Petitioners failed to produce books or records supporting the existence of a profit-seeking business, aside from two personal planning diaries that contained vague notations. In addition, their income from this activity was sporadic and unsubstantiated. At trial, petitioner husband was able to recall only three clients during 1991 and 1992 aside from petitioner wife's brother. Petitioner husband testified that they received $700 from their research activity from these clients, although it was possible that $100 of that amount may have been received during 1990. In addition, one of the alleged clients did not pay petitioners for services rendered. No records were offered to substantiate the billing of these clients or the receipt of payments. We are not required to accept the self-serving testimony of taxpayers without further corroborating evidence. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

In addition, we are particularly troubled by the failure of petitioner wife to testify about the research activity. As a full-time librarian for many years, petitioner wife likely possessed significant expertise in the field of information retrieval. In fact, Ms. Helen Page, the revenue agent assigned to audit petitioners' returns, testified that petitioner husband made several representations that his wife was the sole participant in the research activity. Although present at trial, petitioner wife did not testify in support of petitioners' claim that they operated a research business for profit. It may be presumed that her testimony, if given, would have been unfavorable to petitioners. Mecom v. Commissioner, 101 T.C. 374, 385 n.17 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

After considering the above factors, we find that petitioners have failed to prove that they engaged in the research activity with the requisite profit objective necessary to support deductions under section 162(a).[3] We hold that petitioners are not entitled to deduct expenses related to their research activity as trade or business expenses under section 162(a) because such activity was not engaged in for profit, but that such expenditures may be deducted to the extent allowed by

---

[3] Our finding on this point likewise precludes claiming the disputed deductions under section 212(1).

section 183(b). Where there is no profit objective, section 183(b)(1) allows only deductions which are allowable independent of profit objective, and section 183(b)(2) allows other deductions only to the extent that they do not exceed gross income derived from the activity reduced by the deductions allowable under section 183(b)(1).

Any deductions allowable under section 183(b)(1) are to be deducted from adjusted gross income in computing taxable income. Jasionowski v. Commissioner, 66 T.C. 312, 320 (1976). These deductions may be taken only if the taxpayer itemizes his deductions. Rev. Rul. 75-14, 1975-1 C.B. 90. Respondent concedes that petitioners have substantiated their house-related expenses for interest and taxes and has allowed petitioners itemized deductions for the interest and taxes in lieu of the smaller standard deductions claimed by them on their returns.

Petitioners' 1991 and 1992 Schedules C showed gross income from their research activity in the amounts of $1,454 and $1,833, respectively. For such taxable years, the itemized deductions, in the amounts of $6,553 and $6,911, respectively, allowed under sections 163, 164, and 183(b)(1), exceed the gross income claimed from petitioners' research activity. Therefore, petitioners are precluded from taking any further deductions for expenses related to such activity even if substantiated. Sec. 183(b)(2). We therefore sustain respondent's determination on this issue.

The second issue for decision is whether petitioners are entitled to claim a bad debt deduction for 1991. In the notice of deficiency, respondent disallowed the claimed bad debt deduction upon the grounds that petitioners did not establish that a debtor-creditor relationship was intended by the alleged loan, and, even if such relationship existed, petitioners did not establish that the debt was worthless or that any attempt was made to collect the loan.

As a general rule, section 166 allows a deduction for any bad debt that becomes worthless during the taxable year. Section 166(d), however, distinguishes business bad debts from nonbusiness bad debts. Nonbusiness bad debts may be deducted in the same manner as short-term capital losses, subject to the limitations on capital losses as provided in section 1211. Sec. 166(d); sec. 1.166-5(a), Income Tax Regs.

Nonbusiness bad debt means a debt other than a debt created or acquired in connection with a trade or business of the taxpayer or a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. Sec. 166(d)(2). The use of the borrowed funds by the borrower is of no consequence in making the determination of worthlessness. Sec. 1.166-5(b), Income Tax Regs. In this case, the alleged debt would have been nonbusiness debt created outside petitioner wife's trade as a librarian. The funds were allegedly advanced so petitioner husband would be able to further market the golf

club cleaning machine.  At no time did petitioner wife have any business interest in the debt.

A loss from a nonbusiness debt shall be treated as sustained only if and when the debt becomes totally worthless, and no deduction shall be allowed for a nonbusiness debt which is recoverable in part during the taxable year.  Sec. 1.166-5(a)(2), Income Tax Regs.  Whether and when a debt becomes worthless is a question of fact, in which all relevant evidence is considered, including the full value of the collateral, if any, securing the debt and the financial condition of the debtor.  Sec. 1.166-2(a), Income Tax Regs.

The taxpayer must show that she intended to enforce collection of the debt, but some event occurred during the taxable year in which the deduction is sought that rendered the debt uncollectible.  Davis v. Commissioner, 88 T.C. 122, 142-144 (1987), affd. 866 F.2d 852 (6th Cir. 1989).  Although the taxpayer need not resort to legal action, she must show that the debt became worthless in the year the debt is claimed.  Sec. 1.166-2(b), Income Tax Regs.

Respondent argues that the July 1, 1989, promissory note did not create a bona fide debt since there is no evidence that anything of value was received by petitioner husband in consideration of his promise to pay.  In the alternative, respondent contends that if there was a bona fide debt,

petitioners have not shown that such debt became wholly worthless in 1990 or 1991.[4]

After considering all of the relevant facts, we find that, regardless of whether the promissory note signed by petitioner husband created a bona fide debt, petitioners have not shown that the debt became totally worthless in 1990 or 1991. The record contains no evidence of any attempts by petitioner wife to enforce repayment of the loan. Although petitioners were not married at the time petitioner husband signed the loan agreement, their marriage only 2-1/2 months after the debt's repayment date indicates that petitioner wife decided not to collect an otherwise collectible debt from her new husband. See Davies v. Commissioner, 54 T.C. 170, 176 (1970). In the absence of any credible proof supporting a finding that the loan became uncollectible in 1990 or 1991, we find that petitioners failed to carry their burden in that respect.

Petitioner husband testified that the loan was incurred to finance his marketing of the golf club cleaning machine and his failure to sell any of these units foreclosed any chance that he would be able to repay the loan, thus making it worthless. There

---

[4] We note that the original claim for a bad debt deduction was in 1990, a taxable year not before the Court. This case concerns only petitioners' claimed bad debt deduction in 1991. Our decision controls the deductibility of the debt in 1991 regardless of whether the debt first became worthless in 1990 or 1991.

is no evidence in the record to support this contention, and we reject it. We sustain respondent's determination on this issue.

The third issue for decision is whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their 1992 Federal income tax return.

Section 6651(a) imposes an addition to tax for the failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect," and (2) the failure was "due to reasonable cause". "Willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, supra at 246. The addition to tax equals 5 percent of the tax required to be shown on the return for the first month with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Petitioner husband claims that petitioners timely filed their 1992 Federal income tax return because of the extensions approved by respondent. Petitioners' 1992 return was filed with respondent on November 11, 1993. Petitioners' Form 2688, attached to their 1992 return, shows that respondent approved an

extension only until October 15, 1993.  Petitioners have offered
no evidence that they were granted any further extension of time.

Since no explanation for the lateness of their filing was
offered, we hold that petitioners have not proved that their
failure to timely file was due to reasonable cause rather than
willful neglect.  Accordingly, we sustain respondent on this
issue.

The fourth issue for decision is whether petitioners are
liable for the section 6663(a) penalty for fraud for each of the
years in issue.  Respondent determined that petitioners were
liable for the fraud penalty for underpayments attributable to
disallowed deductions for household-related business expenses.

Section 6663(b) provides that if respondent establishes that
any part of any underpayment of tax required to be shown on a
return is due to fraud the entire underpayment shall be treated
as attributable to fraud and subjected to a 75 percent penalty
unless the taxpayer establishes, by the preponderance of the
evidence, that some part of the underpayment is not attributable
to fraud.[5]  Respondent must establish by clear and convincing
evidence:  (1) An underpayment of tax by the taxpayer, and (2)
that some part of the underpayment is due to fraud.  Section

---

[5]      We note that in the notice of deficiency respondent
determined that only the portion of each underpayment resulting
from the disallowed household expenses is attributable to fraud.
Therefore we need consider the fraud issue only with regard to
that portion of each underpayment.

7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646 (1994); King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 515-516 (1992). Since we have already decided that petitioners underpaid their Federal income taxes in 1991 and 1992, we need only address the issue of whether a part of that underpayment is due to fraud.

Fraud is established by proving that a taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. Clayton v. Commissioner, supra at 647. Direct evidence of the requisite fraudulent intent is seldom available, but fraud may be proved by examining circumstantial evidence indicative of the taxpayer's motives. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Over the years, courts have developed various factors, or "badges", which tend to establish the existence of fraud. See Clayton v. Commissioner, supra at 647.

Respondent contends that petitioners fraudulently attempted to evade the payment of tax by misrepresenting that their personal residence at 1419 Zunis Avenue was a property used exclusively for business purposes. Petitioners maintain that although petitioner wife did live at that residence at one time, she and petitioner husband moved out of that house prior to the taxable years in issue.

We find that respondent has clearly and convincingly proven that petitioners fraudulently claimed 1419 Zunis Avenue as

business property in an attempt to evade paying income tax.  Mr.
Bryan Kinney, owner of the garage apartment that petitioners
claimed as their personal residence, testified that petitioners
never lived in such apartment.  In addition, when initially asked
by Ms. Page, respondent's auditing agent, petitioner wife refused
to answer the simple question of where she lived.  Finally, both
petitioner wife's 1991 and 1992 Forms W-2 show her home address
as 1419 Zunis Avenue.  These factors, among others, convince us
that petitioners did use such address as a personal residence.
Petitioners have presented no credible evidence refuting this
finding.  We therefore sustain respondent's determination that
petitioners are liable for the fraud penalty for that portion of
the underpayment attributable to disallowed household-related
expenses which petitioners claimed as business deductions.

The fifth issue for decision is whether petitioners are
liable for the section 6662(a) accuracy-related penalty for
negligence.  Respondent's determination of negligence is presumed
to be correct, and petitioners bear the burden of proving that
the penalty does not apply.  Rule 142(a); Welch v. Helvering, 290
U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792
(1972).

Section 6662(a) imposes a 20-percent penalty on the portion
of the underpayment attributable to any one of various factors,
one of which is negligence or disregard of rules or regulations.
Sec. 6662(b)(1).  Respondent determined that petitioners are

liable for the accuracy-related penalty imposed by section 6662(a) for the portion of the underpayment not related to the house-related expenses, and that such portion of the underpayment of tax was due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

However, section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Based on the record, we find that petitioners have not proved that any part of the underpayment for either of the years in issue was due to reasonable cause or that they acted in good

faith.  Accordingly, we hold that petitioners are liable for the section 6662(a) accuracy-related penalty as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.