J. CHARLES PEARSON, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN BLESI PEARSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20413, 20414. Promulgated November 30, 1949.

*S. L. Mayo, Esq.,* for the petitioners.
*J. Marvin Kelley, Esq.,* for the respondent.

852

OPINION.

BLACK, *Judge*: It is well settled that a prerequisite for a depreciation deduction from taxable net income under section 23 (1) of the Internal Revenue Code is an investment or depreciable interest in the property sought to be depreciated. *Detroit Edison Co.* v. *Commissioner*, 131 Fed. (2d) 619; affd., 319 U. S. 98. It is generally true that a lessor may not deduct depreciation if the lessee has furnished improvements upon which depreciation is claimed. See *Reisinger* v. *Commissioner*, 144 Fed. (2d) 475. In those cases the lessor had no investment represented by the cost of such improvements and, therefore, the lessor had nothing to depreciate. See *Detroit Edison Co.* v. *Commissioner, supra.*

In the instant case respondent disallowed the claimed depreciation deduction because he contends petitioner has no depreciable interest in the property. He argues in his brief that the lessee erected the building without any cost to the lessor and, therefore, the lessee is the only one entitled to depreciation thereon.

Petitioner contends, however, that, inasmuch as she inherited the property from her mother, she is entitled to the basis provided in section 113 (a) (5) of the code.[1] In support of her contention she relies upon *Charles Bertram Currier*, 7 T. C. 980. In that case the taxpayer was the life beneficiary in a testamentary trust created by his father's will. The decedent leased the premises for a term of 75 years and the lessee, at its own cost, erected on the premises a building with a useful life less than the term of the lease. The lease obligated the tenant to keep the buildings and improvements in good and tenantable condition and repair and upon the expiration of the lease to yield up the premises and buildings and improvements in first-class condition and repair. By devise, upon the death of the lessor, an interest in the leased property came to the taxpayer. The taxpayer claimed a deduction for depreciation, which respondent disallowed on the ground that the building was erected by the lessee with no cost to the lessor which would constitute a basis for the allowance of depreciation. We pointed out that in the case of inherited property the function of the owner's investment which the depreciation deductions are required to replace is performed by the intervention of the estate tax upon the improvements transmitted by the decedent. The basis of the inherited property was, therefore, not cost, but was fixed

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

　　*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * *

by section 113 (a) (5) of the Internal Revenue Code as the fair market value of the property at the date of decedent's death. We held that, since the obligation of the lessee was to return the same building, not a new one, and the leased premises would in fact depreciate even though maintained with scrupulous care, the taxpayer was entitled to depreciation on the improvements. We said:

* * * The basis of inherited property is accordingly not cost, as it was in the *Detroit Edison* and *Reisinger* cases, and to say that a property cost the taxpayer nothing makes no contribution to the solution of the present question. As opposed to cost, the basis of property acquired by devise is categorically fixed by statute as fair market value on the date of acquisition. Internal Revenue Code, sec. 113 (a) (5). Hence, if we can discover the fair market value of the property in question at the date of decedent's death, *Augustus* v. *Commissioner* (C. C. A., 6th Cir.), 118 Fed. (2d) 88, (or the figure at which it was returned for estate tax purposes, which is recognized as the equivalent, Regulations 103, sec. 19.113 (a) (5)) the upshot would ordinarily be its basis for depreciation in petitioner's hands, without any reference to its "cost." Having acquired a basis by the incidence of the estate tax, the gradually disappearing value of a wasting asset can not be replaced except by periodic depreciation adjustments.

We see no distinction in substance in the facts of the *Currier* case, *supra*, and those which are present here. In the *Currier* case, under the facts which were there present, we had to make a finding of fact as to the fair market value of the building which had been erected by the lessee on the leased premises. This fair market value was found to be $250,000 on the date of the lessor's death, that being the basic date. This latter value was the basis of the deduction of the taxpayer, who had acquired it by devise, for depreciation in that case. In the instant case it has been stipulated that the fair market value of the Gulf States Building on the date of the death of Mae Lee Blesi, from whom petitioner acquired her interest in the building by inheritance, was at least $450,000. Petitioners have claimed depreciation on the basis of a total value of only $412,500, their interest being figured as one-third of $412,500 or $137,500. Therefore, it seems clear that petitioners are entitled to at least as much depreciation as they have claimed in their returns, the depreciable property having a fair market value on the basic date of at least $450,000. We do not understand that there is any controversy between the parties as to the amount of depreciation to which petitioners are entitled, if they are entitled to any at all. Respondent strongly contends that petitioners are not entitled to any depreciation at all. But for the reasons we have already discussed, we hold against that contention. Respondent's disallowance of the depreciation deductions claimed by petitioners on their returns is not sustained.

Respondent relies strongly in his brief upon *Friend* v. *Commissioner*, 119 Fed. (2d) 659; certiorari denied, 314 U. S. 673, which

affirmed 40 B. T. A. 768. We think the question as urged by the taxpayers in *Milton H. Friend et al., Trustees*, 40 B. T. A. 768, was different from the question which is here urged. In that case we stated that the taxpayers claimed the right to deduct from the gross rentals which they had received amortization of the capitalized values of the rents to be received under the lease. We held they were not entitled to deduct such amortization and our decision was affirmed by the Seventh Circuit. In that case, among other things, we said: "The petitioners do not even claim that they are entitled to an allowance for depreciation in respect of the buildings." In the instant case petitioners do claim and did claim on their returns a deduction for depreciation of $3,197 based on a value of their interest in the buildings of one-third of $412,500. We have already pointed out that it has been stipulated that the fair market value of the Gulf States Building at the date of Mrs. Blesi's death was at least $450,000.

We think that the issue as presented by the taxpayers in the *Friend* case was not the same as here presented and, therefore, that case is distinguishable from the case at bar. As already stated, we think our decision in *Charles Bertram Currier, supra*, is not distinguishable from the case at bar. We, therefore, follow it and decide the only issue presented for our decision in petitioners' favor.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

OPPER, *J.*, concurring: The factor which I fear complicates and renders unnecessarily difficult the apparent problem posed here is the parties' stipulation as to the fair market value of the Gulf States Building. While we are not at liberty to disregard it, it seems obviously unrealistic and without it the situation would be the comparatively simple one exemplified by *Charles Bertram Currier*, 7 T. C. 980. The estate acquired and transmitted to petitioner the land and building subject to a long term lease. Because of that lease the value of land and building combined was apparently less than would have been the case under a more favorable agreement. It is this property, however, with all its attributes, which is being valued and the respondent may have been correct in his appraisal for estate tax purposes under all the circumstances. *Bueltermann* v. *United States* (C. C. A., 8th Cir.), 155 Fed. (2d) 597.

What we should then be able to do is divide that over-all fair market value into an amount representing land on the one hand and building on the other. The depreciation allowed would then be a realistic figure. This is what we could and did do in the *Currier* case but are foreclosed from doing here by the parties' stipulation. It is an un-

fortunate result but should not obscure the fundamental soundness of the underlying theory that "the taxpayer's basis under section 113 (a) (5) was * * * the value of the interest in the land *and the building* [emphasis added] which he acquired by devise on the death of the decedent." *Bueltermann* v. *United States, supra,* p. 601.

---

ARUNDELL, *J.*, dissenting: The majority opinion holds that the basis for depreciation of the building in the hands of the legatees is its fair market value at the date of decedent's death, unaffected by the existence of the leasehold. Such an approach would require the inclusion in a decedent's estate of the entire value of land and building, no matter how nominal the rental to be received under the lease might be. What we are concerned with is petitioner's economic interest in the property inherited by her and not the value of the property as such. It seems to me the majority holding is entirely unrealistic and I am unable to agree with it.

KERN, TURNER, ARNOLD, and DISNEY, *JJ.*, agree with this dissent.