## FIRST NAT. BANK OF KANSAS CITY v. NEE.

### No. 4510.

United States District Court
W. D. Missouri, W. D.

Aug. 11, 1950.

John McEvers (of Stinson, Mag, Thomson, McEvers & Fizzell) of Kansas City, Mo., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and John W. Fisher, Sp. Assts. to Atty. Gen., Sam M. Wear, U. S. Atty., Sam O. Hargus, Asst. U. S. Atty., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

On August 19, 1949, a memorandum opinion on the merits of the case was filed in the above cause. 85 F.Supp. 840. On the same day a judgment denying recovery was filed in conformity with the opinion. Counsel for plaintiff has submitted a motion to amend the court's findings, to make additional findings and to amend judgment, supplemented with additional briefs; and, in an oral argument, earnestly contended that the opinion and judgment in said case were erroneous and that the plaintiff was entitled to the relief originally sought in its complaint.

Able counsel particularly rely on the decision of the United States Tax Court in J. Charles Pearson, Jr.; Helen Blesi Pearson, 13 T.C. 851. This opinion was handed down or filed on November 30, 1949, a few months following the decision of this court filed on August 19, 1949. The opinion of the Tax Court tends to support, and does support, the contention so emphatically urged by earnest and diligent counsel.

The question involved, and as discussed in the memorandum opinion and in, arguments of counsel, is whether the plaintiff was entitled to claim depreciation on leased premises located at 40th and Main Streets, in Kansas City, Missouri.

A leasehold estate was created effective September 1, 1934, by a lease then or previously executed by the property owner to run for a period of 99 years. Certain improvements then existing on the property were demised to the lessee with the distinct provision and understanding that demolition of such improvements might be done for the purpose of erecting new buildings conformable to specifications in the lease. This has been done. The lessee during the term of the lease is accorded the right to remove the new buildings erected by it and replace them with other buildings. All of these matters are fully discussed in the memorandum opinion filed as above stated. All of the improvements, whether now made or to be made in the future, are obligations of the lessee; and the plaintiff, as trustee under the last will of the decedent (the lessor) is without obligation in any way whatsoever with respect to improvements, maintenance, or upkeep of the property.

■ 1. Under the Missouri law the lessee acquired real estate by the lease and according to familiar doctrine, such real estate became and should be designated as a chattel real. Section 3439, R.S.Mo. 1939, Mo.R.S.A. This is so for the reason that leasehold interests are chattels real and not mere chattels. A chattel real may be defined as a property interest or property interests arising out of or dependent upon real estate, such as estates for years, or any estate in lands which does not amount to a freehold. It is unnecessary to cite authorities, but see Vol. 6 Words and Phrases, Permanent Edition, page 713, where a chattel real is defined.

■ It would follow that under the law the lessee is the owner of a chattel real from and after the first day of September, 1934 until August 31, 2033. It alone would be the owner of depreciable property. Under the lease whatever depreciation might accrue upon the real estate during the existence of the lease, the plaintiff would not or could not suffer for the reason that the obligation of the lessee would persist and it would be bound to pay an income or rental to the plaintiff in accordance with the lease agreement. If, perchance, there should be a forfeiture of the lease, or at its expiry, the then-owner of the freehold would be obliged to pay a tax on such increase as might be established over the fair market value when acquired, or receive credit for such loss as might be proved against the same value.

2. By section 23, Title 26 U.S.C.A. and particularly by section "(l)":

"*Depreciation.* A reasonable allowance for the exhaustion, wear and tear (including a · reasonable allowance for obsolescence)—

"(1) * * *

"(2) of property held for the production of income."

This is followed by language which is apposite by analogy: "In the case of property held by one person for life with remainder. to another person, *the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant.*" (Emphasis mine.)

In like manner, in this case the lessee has a far more extensive interest than a mere life tenant and it would follow that "the deduction shall be computed as if the * * * tenant were the absolute owner of the property and shall be allowed to the * * * tenant."

3. In the briefs, and in the case cited by counsel, apparently there was confusion as to the meaning of section 113, Title 26 U.S.C.A. Said section simply provides for: "Adjusted basis for determining gain or loss", and then, by paragraph (a) (5), in clear language the Congress said: "If the property was acquired by bequest, devise, or inheritance, · * * * the basis shall be the fair market value of such property *at the time of such acquisition.*" (Emphasis mine.)

This fair market value, which in this. case was fixed at $125,000, will stand as. an unchanging and an unchangeable

amount or base, so that if the lease should be defaulted, the basis of the gain or loss would be the fair market value at the date the property was acquired. In like manner, it will remain and constitute a basic factor at the end of the lease. It is an unchanging base upon which computation should be made for gains or losses and this amount stands as a guardian and a protection for the plaintiff.

4. Adverting to the Tax Court opinion cited by counsel, it is to be noted in the first place that many members of the Tax Court declined to concur but vigorously dissented. A pertinent portion of the brief dissent aptly expresses the true rule: "What we are concerned with is petitioner's economic interest in the property inherited by her and not the value of the property as such."

It is obvious that the author of the majority opinion was endeavoring to grant some relief in a case where, curiously, the property had been over-valued. The opinion begins with an apt and correct statement of the law:

"It is well settled that a prerequisite for a depreciation deduction from taxable net income under section 23(l), I.R.C. is an investment or depreciable interest in the property sought to be depreciated. Detroit Edison Co. v. Commissioner [6 Cir.], 131 F.2d 619 * * * affirmed 319 U.S. 98 [63 S.Ct. 902, 87 L.Ed. 1286], * * *.

"It is generally true that a lessor may not deduct depreciation if the lessee has furnished improvements upon which depreciation is claimed. See Reisinger v. Commissioner [2 Cir.], 144 F.2d 475. * * *. In those cases the lessor had no investment represented by the cost of such improvements and, therefore, the lessor had nothing to depreciate."

This court would be unable to cite authorities more aptly and pointedly stating the law precisely applicable to the facts in this case. Strangely enough the author of the opinion became involved in the discussion of cases and finally reached a questionable conclusion. For instance, the author discussed a previous decision entitled Charles Bertram Currier, 7 T.C. 980, where the author said: "We held that since the

obligation of the lessee was to return the *same building* (Emphasis mine) not a new one, and the leased premises would in fact depreciate even though maintained with scrupulous care, the taxpayer was entitled to depreciation on the improvements." This case is entirely different from the Currier case.

 The law was well stated in Friend v. Commissioner of Internal Revenue, 7 Cir., 119 F.2d 959, loc. cit. 960, where the court succinctly said: "Depreciation allowances are limited to depreciable property and exclude assets not of that character."

Clearly the plaintiff is not the holder in trust of "depreciable property." In the event of forfeiture or at the expiry of the lease, then it may be determined whether the plaintiff will be burdened with a tax for gain or entitled to credit for loss. Both upon reason and authority the plaintiff is not entitled to recover in this case and the motion for a new trial or for amended findings and for a modification of the judgment should be and will be overruled.