ALBERT L. ROWAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21439. Filed July 13, 1954.

S. L. Mayo, Esq., and J. Edwin Fleming, Esq., for the petitioner.
J. Clifton Maxwell, Esq., for the respondent.

870

**OPINION.**

BLACK, *Judge:* The amount of petitioner's income is not in dispute in this proceeding. The things which are in dispute relate to certain deductions claimed by petitioner on his return and which have been disallowed by the Commissioner in his determination of the deficiencies.

*Issue 1.*

We will address ourselves to the first issue which is raised by the pleadings.

In 1919, petitioner's mother owned improved property which, for a net annual rental, she leased for 66 years and 10 months, a term expiring at the end of 1985. The lease required the lessee at his own cost to demolish the existing buildings on the property and construct thereon a multistory office building. This was completed in 1928, with additions made in 1935. The lease expressly provided for ownership of the new building to be in the lessor, subject, of course, to the lease. The new building had an estimated useful life of 50 years from 1928, a life expiring in 1978. Upon the death of petitioner's mother, June 20, 1940, petitioner, one of three children, inherited an undivided one-third interest in the land and new building, subject to the lease.

In view of the foregoing facts, petitioner, in his brief, propounds the first issue as follows:

Under such circumstances is petitioner entitled to an annual deduction for depreciation or amortization by reason of his ownership (one-third interest) of said building which he acquired by inheritance and held for business use and production of income?

Petitioner contends that he is entitled to such an allowance as is posed by the foregoing question and that added to his basis under section 113 (a) (5) of the Code should be $18,860.50, attributable to the building, of the $27,410.58 which petitioner paid as estate and inheritance taxes by reason of the inclusion of the Gulf States Building property in the estate of Ellen Rowan, deceased, from whom petitioner inherited his interest. Section 113 (a) (5) and (b) of the Code which deals with unadjusted and adjusted basis and section 114 which deals with basis for depreciation and depletion are printed in the margin.[1]

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED); OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*

\* \* \* \* \* \* \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

(a) BASIS FOR DEPRECIATION.—The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b). for the purpose of determining the gain upon the sale or other disposition of such property.

In *J. Charles Pearson, Jr.*, 13 T. C. 851, we had this same issue before us. Helen Blesi Pearson, who was one of the petitioners in that proceeding, is a sister of Albert L. Rowan, the petitioner here, and is one of the three children who survived their mother, Ellen Rowan. In that case we decided the issue in favor of the taxpayers, largely upon the authority of *Charles Bertram Currier*, 7 T. C. 980. Our decision was appealed to the Court of Appeals for the Fifth Circuit and that court reversed us, *Commissioner* v. *Pearson*, 188 F. 2d 72, certiorari denied 342 U. S. 861.

Inasmuch as the present taxpayer is not the same as were the taxpayers in the *Pearson* case, *supra*, it is manifest that the decision in that case is not res judicata here. The respondent does not contend that it is. He does contend, however, that the decision of the Fifth Circuit is controlling in the instant case under the doctrine of stare decisis. Petitioner contends that his evidence is more complete in the instant case than was the taxpayers' evidence in the *Pearson* case, and that in view of his more complete evidence the reversal by the Fifth Circuit of our decision in the *Pearson* case is not controlling.

Petitioner relies heavily upon *Charles Bertram Currier*, *supra*, and upon our decision in *Mary Young Moore*, 15 T. C. 906. In this latter case, we relied upon the *Currier* case and upon our decision in *J. Charles Pearson, Jr.*, *supra*, which had not at that time been reversed. When petitioner's brief was filed in the instant case our decision in *Mary Young Moore*, *supra*, had not been reversed. However, since petitioner's brief has been filed the *Moore* case has been reversed by the Court of Appeals for the Ninth Circuit. See the opinion of that court in *Commissioner* v. *Moore*, 207 F. 2d 265, certiorari denied 347 U. S. 942. The first issue ruled upon by the Ninth Circuit in the *Moore* case, as we understand it, was substantially the same issue as we have in Issue 1 in the instant case. In deciding that issue adversely to the taxpayer's contention the court held that a taxpayer, who inherited a one-half interest in property from her mother on which a building had been constructed by the lessee under a 99-year lease, at no cost to the lessor, was not entitled to a depreciation allowance on the building. The court pointed out that the term of the lease extended beyond the useful life of the building, and since the taxpayer would not sustain any economic loss as the building wore out and could not sell her interest in the building apart from the land or the rentals, the value of her interest in the building was zero and she could not take depreciation on the building.

In view of the reversal by the Fifth Circuit of our decision in the *Pearson* case, *supra*, and the reversal of our decision in the *Moore* case, *supra*, by the Ninth Circuit, we think we should reexamine the issue involved.

We are confronted with somewhat the same situation here as we were confronted with in *Estate of William E. Edmonds*, 16 T. C. 110, in which we said:

So the question we face here is whether we will stand by our decision in the *Strauss* case and respectfully decline to follow the Second Circuit's decision, or whether we will accept it as laying down the correct law and follow it in the instant case. It, of course, goes without saying that the reversal by the Second Circuit of our decision in the *Strauss* case makes the law for that case. Inasmuch, however, as the Tax Court must endeavor to make its decision uniform for all taxpayers within the United States, we cannot discharge that duty by following a circuit court's decision in a subsequent case by a different taxpayer if we think it is wrong, even though it would go to the same circuit in which we were reversed, and even though the facts are the same as the case in which we were reversed. If we did so, it would only result in confusion and unequal treatment of taxpayers merely because they live in different circuits. Therefore, when, as here, we have been reversed we must examine carefully the reversal to see whether or not we will follow the court in its reversal, not only in cases which lie within the jurisdiction of that particular circuit, but all other circuits as well. This we have done in the instant case. * * *

We then went on to hold that in our opinion the Court of Appeals for the Second Circuit had laid down the correct rule of law in the *Edmonds* case, *supra*, and that we would follow it and no longer follow our own decision in *Estate of Max Strauss*, 13 T. C. 159, revd. 183 F. 2d 288, certiorari denied 340 U. S. 853. In conformity with the statement of our position in those matters taken from the above quotation from the *Edmonds* case, *supra*, we have carefully considered the first issue in the instant case in the light of the reversal by the Fifth Circuit of our decision in the *Pearson* case, *supra*, and of the reversal by the Ninth Circuit of our decision in the *Moore* case, *supra*, and we conclude that they lay down the correct rule of law to be applied in situations covered by our first issue here. The effect of those decisions, as we understand them, especially the decision of the Ninth Circuit in reversing us in *Mary Young Moore*, *supra*, is to hold that in situations such as we have here where the term of the lease extended beyond the useful life of the building and where the taxpayer would not sustain any economic loss as the building wore out and could not sell her interest in the building apart from the land or the rentals, the value of her interest in the building was zero and she could not take depreciation on the building.

It seems plain that in the instant case the Commissioner in valuing the interest of Ellen Rowan in the Gulf States Building property at $412,500 did so solely by capitalizing the ground rental of $16,500 at 4 per cent for the remaining term of the lease. In arriving at his valuation of $412,500 at the time of her death, the Commissioner stated:

This property was under a 66-year lease at $16,500 per year net rental, payable monthly; is centrally located and improved with an excellent office building of

about fourteen stories and any improvements on the lot will revert to the lessors at the expiration of the lease in 1985. Recommended value based upon allowance to the estate of four per cent return on their investment.

What Ellen Rowan was receiving at the time of her death was ground rental of $16,500. She was receiving no rental from the building; she had no investment in the building. Ground rental was all that the heirs of Ellen Rowan, including petitioner, received from the property. During the taxable years they were not receiving any rental income from the building itself. The rental income from the building was being received by the lessee who had erected the building on the leased land at his own expense. The lessee was the one to whom annual depreciation deductions on the cost of the building were properly granted. Cf. *Reisinger* v. *Commissioner*, (C. A. 2) 144 F. 2d 475. In this case the court said:

Only a taxpayer who has a depreciable interest in property may take the deduction, and that interest must be in existence in the taxable period to enable him to show a then actual diminution in its value. It is not enough that the taxpayer may in the future have to make an investment which will then depreciate in value. [Citing cases.] * * *

It might be that if all that the heirs of Ellen Rowan, including petitioner, will ever receive from the Gulf States Building property is the $16,500 annual rentals which they now receive, they would be entitled to some kind of an amortization deduction. But we need not speculate upon what, if any, that amortization deduction would be, because the annual rental of $16,500 is not all that they will ever receive from the property. They are the owners of the property in fee simple subject to the lease. When the lease expires in 1985, they, or their successors in interest, will receive back the land, together with any building which may be upon it. The property at that time may well be worth more than the $412,500 at which it was valued by the Commissioner for estate tax purposes. For these reasons, we think petitioner is not entitled to take either depreciation or amortization deductions on any part of the $412,500 which respondent determined to be the value of Ellen Rowan's interest in the property at the time of her death.

As to the issue we have before us, we decide to follow the decisions of the Fifth Circuit in *Commissioner* v. *Pearson, supra*, and the Ninth Circuit in *Commissioner* v. *Moore, supra*, and we will no longer follow our decisions in *J. Charles Pearson, Jr., Mary Young Moore*, and *Charles Bertram Currier*, all *supra*, and they are, as respects this particular issue, overruled.

Respondent's action in each of the taxable years in denying petitioner a deduction of $3,125 as depreciation or amortization of the value of the Gulf States Building is sustained.

*Issue 2.*

When the lessee in 1926 demolished the old buildings on the property to make way for the new construction, petitioner's mother, Ellen Rowan, had a recoverable adjusted cost basis in these buildings of $35,000 and, hence, a depreciable interest in the property. Until her death in 1940, she claimed, and was allowed, an annual amortization deduction of $583.33 based on recoverable cost and the remaining 60-year period of the lease.

Petitioner states the second issue in his brief as follows:

Under such circumstances is petitioner entitled to an annual amortization deduction of $194.45 (one-third of $583.33) until the end of the lease in order that the unrecovered remaining basis (or economic, depreciable interest) of his mother in the demolished buildings may be recovered?

This issue was not in *J. Charles Pearson, Jr.*, *supra*, nor in *Mary Young Moore, supra*.

We think the Commissioner must be sustained on this issue. The unrecovered basis of the decedent, Ellen Rowan, in the demolished buildings (some $29,000) at the time of her death was an income tax advantage to which she was entitled and which was not wholly availed of in her lifetime. Death cut short this tax advantage before she had offset income to that extent. However, this tax advantage was not of such nature as to be subject to transmission by inheritance to her heirs. The buildings were no longer in existence when Ellen Rowan died and had long since been demolished. An heir such as petitioner acquires basis in an inherited interest by virtue of section 113 (a) (5) of the Code, *supra*. So far as we can see petitioner acquired no interest in this amortization deduction which Ellen Rowan had been taking in her lifetime as her cost of the lease and therefore he has no basis for amortization under section 113 (a) (5). The Commissioner is sustained in his disallowance of this deduction of $194.45 which petitioner claimed on his return.

Reviewed by the Court.

*Decision will be entered for the respondent.*