LeBelle Michaelis, Petitioner *v.* Commissioner of Internal
Revenue, Respondent

Docket Nos. 6562–67, 2017–69. Filed May 27, 1970.

■

---

*Max Myers*, for the petitioner.
*Larry K. Hercules*, for the respondent.

## OPINION

Petitioner seeks to amortize, under section 167,[3] her interest in a lease received from her husband upon his death. She argues that by virtue of section 1014 [4] she obtained a basis in the lease which may be amortized. Respondent, on the other hand, argues that section 1014 does not give petitioner a depreciable basis for purposes of section 167 but rather a valuation for the purpose of ascertaining gain or loss in the event of a future sale of the lease. He further contends that the lease in the instant case is not the type of depreciable asset to which section 167 applies, i.e., that the lease is not a wasting asset, even assuming a basis for depreciation was obtained.

In *Commissioner* v. *Moore*, 207 F. 2d 265 (C.A. 9, 1953), certiorari denied 347 U.S. 942 (1954), reversing 15 T.C. 906 (1950), and cited with approval by us in *Albert L. Rowan*, 22 T.C. 865 (1954), the Ninth Circuit stated (p. 269):

a "basis" is only one of the factors which must exist before depreciation may be claimed. More important is the necessity of a "depreciable interest" in exhausting and deteriorating property. If the taxpayer's interest is of such character that it is not affected by the deterioration, then it is not of a depreciable nature. That the provision defining basis is by itself insufficient to authorize the deduction was well stated by the Court of Appeals for the Eighth Circuit in First National Bank of Kansas City v. Nee, 190 F. 2d 61, 64, as follows: "It must at once be obvious that unless an item of property in respect of which depreciation has been claimed is properly within the reach of the quoted portion of the statute, those further provisions of the law are quite irrelevant which serve merely to define the basis upon which depreciation, validly asserted, is to be computed. The prescription of a depreciation basis presupposes, but does not amplify, depreciability."

Therefore, whether or not petitioner obtained a "basis for depreciation" in that portion of the lease which she acquired by reason of her husband's death, she has the burden of proving that it was a wasting or depreciable asset. Cf. also *Rosalie H. Schubert*, 33 T.C. 1048 (1960), affd. 286 F. 2d 573 (C.A. 4, 1961), certiorari denied 366 U.S. 960 (1961).

---

[3] SEC. 167. DEPRECIATION.

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income.

[4] SEC. 1014. BASIS OF PROPERTY ACQUIRED FROM A DECEDENT.

(a) IN GENERAL.—Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date of the decedent's death, or, * * *

The purpose behind the allowance for depreciation or amortization under section 167 and the so-called wasting-asset theory behind such a deduction was enunciated clearly by the Supreme Court in *Detroit Edison Co.* v. *Commissioner*, 319 U.S. 98, 101 (1943), as follows:

The end and purpose of it all is to approximate and reflect the financial consequences to the taxpayer of the subtle effects of time and use on the value of his capital assets. For this purpose it is sound accounting practice annually to accrue * * * an amount which at the time it is retired will with its salvage value replace the original investment therein.

Amortization of the lease in this case does not fall within that purpose.

Elo's Federal estate tax return did not include the 400 Arkansas acres except by showing the lease and the option, and assigning values to each. There is no indication in this fully stipulated case that the rental payments called for, both before and after Elo's death, are other than at fair rental value, i.e., this was not a so-called premium lease. Absent such a showing it appears obvious that what petitioner received from her husband on his death was an interest in the land subject to the lease; that what petitioner was receiving under the lease was ground rental; and that the values allocated to the lease and option were simply factors entering into the value of the land. *Albert L. Rowan, supra.* The land is not a depreciable asset. Upon termination of the lease, the lessor will again hold all estates in the land, undiminished and "unwasted."

Presuming no economic changes have occurred, the land may again be rented at the same fair market rental. Such case illustrates that the lease is not a wasting asset within the purview of section 167, and amortization, accordingly, must be disallowed. It also illustrates that what was really being included in Elo's Federal estate tax return was the value of the underlying land, as encumbered by the lease and the option.

The above theory for disallowing amortization was implicitly recognized and stated in an early opinion of this Court, *William Robert Farmer*, 1 B.T.A. 711 (1925). We held therein that when an individual purchases a fee simple in property and thereafter leases it, he may not allocate part of his cost for the land to the right to use the land for the term represented by the lease and depreciate that portion of "cost basis" over the life of the lease. In so doing, we stated (1 B.T.A. at 713–714):

A fee simple title is the highest estate in land contemplated by the law. In such a title all lesser estates, rights, titles, and interests merge. When all such interests so merge there is a complete solidification of title and the various interests going to constitute that title lose their identity and are no longer distinguishable. In thus dealing with *interests* and *estates* in property, we are faced with an entirely different situation from that where a property has physically divisible

values. * * * in the instant case, the freehold estate comprehended every right and privilege appertaining to the land. A right or privilege growing out of such ownership is not susceptible of a separate valuation.

This principle of inseparability of the bundle of rights constituting the fee simple has been reaffirmed several times by this Court. *Rosalie M. Schubert, supra* at 1053–1054; *Martha R. Peters*, 4 T.C. 1236, 1240–1241 (1945).

This principle is squarely applicable to the instant case. Petitioner's interest in the lease and in the land are inseparable for purposes of amortization under section 167. The lease is not a wasting asset and the deductions accordingly are disallowed.

The petitioner argued on brief that the lease was a wasting asset, *inter alia*, because Investment would assuredly exercise its option to buy the land upon the lease's termination; but there is no foundation in the record for such a finding. Many contingencies can arise by 1973 to prevent an exercise of the option and, accordingly, we need not decide whether, if this proposed fact were true, our decision would be changed.

*Decisions will be entered for the respondent.*