Plaintiffs seek to recover Federal income taxes and assessed interest for tax years 1959 through 1963 by reason of disallowance by the Internal Revenue Service of certain claimed depreciation deductions. William O. Blake and his mother (lessor), tenants in common and owners of land and an old building thereon in Boston, Massachusetts, in November 1904 entered into an agreement to lease and an indenture of lease with George A. Carpenter (lessee) for the leasing of the premises at an annual rental of $70,000 for 75 years, lessee to remove the existing building and to construct another on the site at his own expense. The agreement and lease also provided that if any part of the premises was taken by eminent domain, the condemnation proceeds would belong to the lessor and the lessee woidd be entitled to an annual rent reduction of 4% of the proceeds. The parties entered into a supplemental agreement in 1905 which provided that the lessor would make the condemnation proceeds available to lessee to be used in constructing the new building and lessee agreed to forego *880 the rent reduction. In 1907 a part of the land was taken by eminent domain. In 1908 the parties entered into a further agreement providing, inter alia, that lessor would make available to lessee an additional sum which, unlike the condemnation proceeds, lessee was obligated to repay. The building was completed in 1911. In 1918 the parties entered into a further agreement which set lessee’s liability for the building-construction costs at $300,000 and which provided that commencing in 1922 lessee would pay $10,000 per year in addition to the $70,000 per year rent. From 1911 to Mr. Blake’s death in November 1934, lessor claimed depreciation on the building and treated all amounts received as rent. Lessee, prior to his death also in November 1934, claimed depreciation deductions with respect to his interest in the building. Neither party’s deductions were challenged by the Service px-ior to their deaths. Following Mr. Blake’s death, plaintiffs and the beneficiaries of Blake’s trust continued to claim depreciation deductions and to treat the aggregate receipts as rent. The Service disallowed the deductions and deficiencies were assessed and paid for tax years 1935-1938, refund suits being filed by the trust in the United States District Court for Massachusetts; one of the beneficiaries under the trust challenged the deficiencies in the Tax Court and obtained a favorable decision (Oharles Bertram Owrier, 7 T.C. 980 (1946), subsequently overruled Albert L. Rowan, 22 T.C. 865 (1954)). Because of the Ourrier decision, the Service indicated to taxpayers in the District Court refund suits that it would be receptive to an offer in compromise of the pending litigation. After lengthy negotiations, the litigation was settled in 1949, part of the compromise being that taxpayers would be permitted $6,000 per year depreciation deductions against their claimed respective interests in the building for the years then in dispute. The trustees for 1939-1948 continued to claim the $6,000 depreciation deduction; the Service disallowed the deductions and assessed deficiencies for years 1942,1943 and 1945-1948. Again the trustees filed refund suits in the District Court for Massachusetts, final judgment being-rendered in favor of the Government. Likewise one of the beneficiaries challenged the deficiencies in the Tax Court and judgment was rendered in favor of the Government. Follow *881 ing termination of the lease in 1959, plaintiffs operated the building as owners until sale thereof in 1964. For tax years 1959-1963 plaintiffs claimed depreciation deductions of $6,000 per year. The Service disallowed these deductions, plaintiffs paid the assessed deficiencies and filed the instant proceeding for refund. Commissioner Franklin M. Stone filed a report on June 20, 1972 in which he concluded: (1) that defendant’s contention that plaintiffs are estopped under the substantial variance rule from asserting the condemnation proceeds were an investment by lessor in the building, because plaintiffs allegedly did not expressly or impliedly set forth any argument respecting the proceeds in their administrative claim for refund for years 1959-1963, is not well taken since review of plaintiffs’ claim documents indicates that they fully and adequately raised the issue, and that the variance rule should not foreclose consideration of this issue on the merits; (2) that the contribution of the condemnation proceeds was not a capital investment by lessor, the contribution being supported by adequate consideration from lessee who agreed to forego a rent reduction; (3) that the contribution of the additional sum, i.e. the amount in excess of the condemnation proceeds, was not a capital investment giving rise to a depreciable interest, lessee being obligated to repay said additional sum as long as he remained in possession of the premises; (4) that payment of the Federal estate tax upon the death of lessor did not give the present lessor a depreciable interest in the building; (5) that the compromise settlement in 1949 regarding tax years 1935-1938 did not express or imply the validity of similar deductions for any year after 1938, i.e. did not have prospective effect; and (6) that accordingly plaintiffs are not entitled to recover. This case came before the court on plaintiffs’ exceptions to Commissioner Stone’s recommended decision. The court, having considered the case on the briefs and oral argument of counsel, and since the court agrees with the commissioner’s findings of fact and conclusion and generally with his opinion, adopted the decision by order dated April 20,1973 as the basis for its judgment in this case that plaintiffs are not entitled to recover, and dismissed the petition.