The taxpayers herein filed a claim for refund of taxes paid in the years 1969 through 1973, by filing amended returns for these years. In Part II, Explanation of Changes, in the 1972 return (Form 1040X), taxpayers stated that they sustained a "business bad debt loss” in 1972 in the amount of $140,087.33 as the ground for a refund of taxes paid that year. As to other years they claimed net operating loss carrybacks and carryover. IRS disallowed the claims, reasoning that the transaction creating the loss had not resulted in a "business bad debt * * * [but] a non-business bad debt which is treated as a short-term capital loss.” Neither taxpayers nor IRS referred specifically to any section of the Code. Taxpayers have now filed suit in this court, seeking a refund based on the loss sustained in 1972. In their pretrial submission, plaintiffs argued alternative theories of recovery. They claim that the loss was either an ordinary business loss, within the meaning of § 165(c)(1) — (2), or a bad debt within § 166.
Defendant takes the position that the claim for refund was predicated solely on section 166, and has moved for partial summary judgment, arguing that the court lacks jurisdiction over the claim insofar as it is based on section 165. According to defendant, this ground for recovery was not stated in the claim for refund filed with IRS and therefore may not be relied upon as a basis for recovery in this court.
Under Code § 7422, a court action for the recovery of erroneously paid taxes is not maintainable unless a claim for refund has been filed with the IRS. Treasury Regulations further provide that the "claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.” Treas. Reg. 301.6402-2(b)(l). Defendant also cites a number of cases in support of the proposition that the action may be maintained only upon grounds asserted in the refund claim. E.g., Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 17-18 (1940); United States v. Felt & Tarrant Manufacturing Co., *692 283 U.S. 269, 272-73 (1931); Union Pacific R.R. v. United States, 182 Ct. Cl. 103, 108-109, 389 F.2d 437, 442 (1968).
In Union Pacific, supra, we elaborated on this point:
It is an undisputed general rule that a ground for refund neither specifically raised by, nor comprised within the general language of, a timely formal or informal application for refund to the Internal Revenue Service cannot be considered by a court in which a suit for refund is subsequently initiated. * * * the rule that a taxpayer cannot present one ground for refund in its claim and a different ground in its petition is designed both to prevent surprise and to give adequate notice to the Service of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination. * * *
If the claim for refund states only general grounds for relief, an item raised in litigation but not specifically adverted to in the claim might be permitted if it is found that the taxpayer adequately alerted the Service to the fact that the item is a ground for refund, or that the Commissioner considered that unspecified ground in reaching his decision on the items for which a refund was requested. * * * [Citations omitted.]
The issue before us, then, is whether the taxpayers’ statement that they suffered a "business bad debt loss” was sufficient to alert the Commissioner that taxpayers might predicate their claim on section 165 as well as on section 166. We think that it was. Taxpayers are not permitted to raise issues before the court not stated in the administrative application, United States v. Felt & Tarrant Manufacturing Co., supra. It is not sufficient to put all the operative facts before the Commissioner, if the claim fails to show the legal conclusion the taxpayers later rely on. Commercial Solvents Corp. v. United States, 192 Ct. Cl. 339, 427 F. 2d 749, cert. denied, 400 U.S. 943 (1970). It is another matter when the claim is couched in such terms that the Service might reasonably be able to deduce the existence of more than one legal ground of recovery. In this instance the ground for refund may reasonably be said to be fairly comprised within the refund application. See, e.g., Harlan v. United States, 160 Ct. Cl. 209, 218, 312 F. 2d 402, 408 (1963).
Here the wording of the claim straddled sections 165 and 166, referring specifically to neither. We note that section *693 166(a), in describing the deduction available for business bad debts, does not characterize a bad debt as a loss. The unartful reference to a "bad debt loss” might be expected to alert the Service to the existence of a potential claim under section 165. Certainly, plaintiffs never indicated that they relied exclusively upon section 166 — this was assumed by defendant. Moreover, we have previously held that a plaintiff who designated a loss as a "loss on a partial bad debt” was not precluded from pursuing his claim before the court merely because of the improper use of terminology. The court stated: "The defendant was fully advised as to the basis of plaintiffs claim and, therefore, we think it cannot take advantage of the fact that plaintiff improperly characterized it.” Bowles Lunch, Inc. v. United States, 91 Ct. Cl. 292, 302, 33 F. Supp. 235, 240 (1940). See Andresen v. United States, 186 Ct. Cl. 635, 646, 405 F. 2d 1232, 1238-39 (1969). As the disallowance stated how the Commissioner would treat the claimed deduction, plaintiffs might take it as rejecting all other and competing theories, but in any event, they were not required at that point to set the Commissioner straight as to the scope of their own claim. As the factual basis for the claim is identical, regardless of the theory relied upon, we hold that the Commissioner was in possession of enough information to focus on the merits of the refund claim, and cannot reasonably insist that the alternative approach creates the element of "surprise” which the regulations seek to prevent. He should have considered both the section 165 and the section 166 theories. We note that factual situations will often arise that involve a choice whether section 165 or section 166 applies. By the juxtaposition in which Congress placed them, it showed awareness of a connection. A claim for refund that specifically designated section 165 only or section 166 only would present a different problem, with which we do not deal.
Accordingly, it is ordered that defendant’s motion for partial summary judgment is denied. The case is remanded to the Trial Division for trial.