Henry J. PINCKES and Genevieve
Pinckes, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 752–83T.

United States Claims Court.

Feb. 25, 1985.

Andrew C. Barnard, Miami, Fla., for plaintiffs.

David Gustafson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## MEMORANDUM ORDER

MAYER, Judge.

Plaintiff Henry J. Pinckes * seeks a refund of federal income taxes because he lost money when a Swiss bank in which he was a depositor went bankrupt. This case is before the court on defendant's motion to dismiss, or for summary judgment. Plaintiff has filed a cross-motion for summary judgment.

### Background

In 1979, plaintiff filed an amended personal income tax return for 1976 which stated, "Taxpayer suffered a capital loss of $75,487 in 1975...." The return gave no further information about the loss. During its administrative investigation of plaintiff's refund claim, the Internal Revenue Service (IRS) was informed the loss occurred because of the failure of the Swiss bank in which his money was on deposit. In view of plaintiff's assertion of a capital loss, the IRS reviewed the claim under section 166(d) of the Internal Revenue Code of 1954 (I.R.C.), 26 U.S.C. § 166(d), which permits a capital loss deduction for nonbusiness bad debts of noncorporate taxpayers. To support a deduction under the capital loss provision of section 166(d), a nonbusiness debt must be wholly worthless. *Townshend v. United States*, 384

* Genevieve Pinckes is also a party because she filed a joint return with her husband. Only her husband's activities are at issue, so he will be referred to as plaintiff.

F.2d 1008, 1011, 181 Ct.Cl. 635 (1967). Therefore, when the IRS discovered that plaintiff had recovered some of the funds he had deposited in the failed bank, his refund was denied.

Plaintiff responded by filing this suit, transferred from district court, saying his refund should have been allowed as an ordinary loss from a partially worthless business debt under section 166(a)(2), because at the time of the loss he was in the business of investing, by which he apparently means he was a trader. His refund claim did not suggest a business debt, however, and an ordinary loss deduction was not consistent with his capital loss claim. The IRS, therefore, had not reviewed it under section 166(a)(2). Consequently, defendant contends the court has no jurisdiction because plaintiff is asserting grounds for a refund not previously raised administratively.

## Discussion

■ As a prerequisite to maintaining a refund suit, I.R.C. § 7422(a) provides,

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

And Treasury Regulation § 301.6402–2(b)(1) under that statute says, "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." This means a refund suit may be maintained only upon the grounds shown in the refund application. *See Burlington Northern, Inc. v. United States,* 684 F.2d 866, 231 Ct.Cl. 222 (1982); *Union Pacific Railroad v. United States,* 389 F.2d 437, 442, 182 Ct.Cl. 103 (1968). As the Court of Claims explained,

A proper claim for refund must set forth in detail each ground upon which the refund is claimed and facts sufficient

to apprise the Commissioner of the exact basis thereof. Any ground for refund not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated. The reason for this is both to prevent surprise and to give adequate notice to the Commissioner of the nature of the claim, and its underlying facts, so that a thorough administrative investigation and determination can be made.

*Burlington Northern, Inc.,* 684 F.2d at 868 (citations omitted). This was only recently restated by the Court of Appeals. *Ottawa Silica Co. v. United States,* 699 F.2d 1124, 1138 (Fed.Cir.1983).

■ Plaintiff's complaint here is his first assertion that he is entitled to an ordinary loss deduction from a partially worthless business debt under section 166(a)(2). He says, however, that defendant had knowledge of this basis because "underlying communications between the Commissioner's representatives ... sufficiently apprise[d] the Commissioner of a change in the taxpayer's position." Of course, plaintiff is not limited to the four corners of his amended tax return. Other information communicated to the IRS can amount to an informal refund claim sufficient to support litigation under section 7422(a). But these communications must be in writing; undocumented oral statements are insufficient. *Furst v. United States,* 678 F.2d 147, 151–52, 230 Ct.Cl. 375 (1982); *Disabled American Veterans v. United States,* 650 F.2d 1178, 1179–80, 227 Ct.Cl. 474 (1981).

■ Plaintiff has submitted nothing to show that during the IRS investigation of his claim he asserted the existence of a partially worthless business debt. On the contrary, the limited correspondence available reinforces defendant's position. A letter dated July 11, 1980, from plaintiff's representative to the IRS district director, the only correspondence plaintiff cites, contained nothing that would put one on notice that he based his refund on a loss from a business related bad debt.

Plaintiff relies on *National Forge & Ordnance Co. v. United States*, 151 F.Supp. 937, 941, 139 Ct.Cl. 204 (1957), which held,

> Attorneys for the Government frequently ask us to apply to claims for refund a requirement of particularity almost as strict as is customarily applied to indictments for crime. The rule of *strictissimi juris* is not applicable to claims for refund. All that is required of them, as a predicate for suit in this court is that they put the Commissioner of Internal Revenue on notice of the ground of the taxpayer's claim that his taxes were erroneously computed. This does not have to be stated with any greater particularity than is necessary to draw the Commissioner's attention to the claim he makes in his subsequent suit.

But there the taxpayer proposed grounds for a refund that the IRS had necessarily considered during its administrative investigation of the claim. Our plaintiff's suit, however, raises issues defendant was not "obliged to consider." *Id.* at 941. In determining that plaintiff was not entitled to a capital loss deduction under section 166(d), the IRS did not have to decide if plaintiff might be eligible for a deduction for a bad business debt. The bad debt provisions of section 166 are separate and distinct. Section 166(d) provides a capital loss deduction for a wholly worthless nonbusiness debt; section 166(a)(2) provides an ordinary loss deduction for a partially worthless business debt. Unlike in *National Forge,* the factual inquiry necessary under these provisions is not mutually inclusive. Both involve bad debts, but otherwise they have nothing in common.

By claiming under section 166(a)(2) here for the first time, plaintiff impermissibly deprived the IRS of the opportunity to consider his argument. This would likely have required examination of plaintiff's allegation that he was in the business of being a "trader," not merely a passive investor; whether the Swiss bank deposit was related to the alleged business; and the extent to which the deposit was partially worthless. None of this is relevant under section 166(d); it is dispositive under section 166(a)(2).

■ Plaintiff need not state his claim "with any greater particularity than is necessary to draw the Commissioner's attention to the claim," *National Forge* at 941, but the IRS has no duty to conceive of every potential ground upon which a refund might be sustained. *See Burlington Northern, Inc.,* 684 F.2d at 868. Neither the formal refund claim nor plaintiff's letter, construed as broadly as possible, do anything to put the IRS on notice of or draw its attention to a loss from a business bad debt.

The other cases plaintiff relies on only emphasize the insufficiency of his claim. In *Bowles Lunch, Inc. v. United States,* 33 F.Supp. 235, 240, 91 Ct.Cl. 292 (1940), the taxpayer claimed a "loss on partial bad debt", but in court claimed a loss on an acquisition of real estate. Despite the mischaracterization in the refund application, it prevailed because "defendant was fully advised as to the basis of plaintiff's claim." Likewise, the taxpayer in *Barnes v. United States,* 201 Ct.Cl. 879, 881 (1973), was permitted to pursue his case over defendant's objection that the issue to be litigated had not been properly raised administratively. The court found that the claim documents showed the issue was raised "fully and adequately." Our plaintiff, however, did not advise defendant or raise the section 166(a)(2) issue at all.

Similarly, the taxpayers in *Edde v. United States,* 217 Ct.Cl. 690, 691 (1978), expressly requested a "business bad debt loss" in their refund claim. Although defendant had analyzed the claim only under section 166(a), the court concluded that "the wording of the claim straddled sections 165 and 166...," *id.* at 692, and the taxpayers could therefore found a suit on section 165. Our plaintiff's claim is not susceptible of so broad reading. A section 166(a)(2) ordinary loss deduction is manifestly inconsistent with a capital loss claim. A capital loss does not "straddle" sections 166(a)(2) and 166(d).

### Conclusion

Accordingly, defendant's motion to dismiss is GRANTED,** and the case will be dismissed with costs to defendant.

It is so ORDERED.

---

** In his complaint, plaintiff alternatively challenged the constitutionality of I.R.C. § 166(d). Defendant's motion for summary judgment fully addressed this issue, but plaintiff elected not to respond. He said, "Plaintiff retracts his constitutional argument at this point reserving the right to address that issue at trial." In view of the court's disposition, this issue need not be reached. Even if it were otherwise, however, the court would treat it as abandoned. A purpose of a motion for summary judgment is to avoid the necessity for a trial on issues susceptible of disposition as a matter of law. Plaintiff suggests no questions of fact impeding the resolution of this issue on summary judgment, and none are apparent. Therefore, his attempted reservation of a right to bring it up later is ineffective.