**Stanley J. and Theresa K. DAVIS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 451–89T.**

United States Claims Court.

July 26, 1990.

Robert E. Kovacevich, Esq., Spokane, Wash., for plaintiffs.

Stuart J. Bassin, Esq., Washington, D.C., for defendant.

## OPINION

RADER, Judge:

In this tax refund suit, plaintiffs seek repayment of a disallowed deduction for rent on business property. Defendant moved to dismiss in part under the doctrine of variance. Defendant contends that plaintiffs did not give the Internal Revenue Service (IRS) adequate notice of their grounds for refund as required by 26 U.S.C. § 7422(a) (1988). Plaintiffs claim to have alerted the IRS of the grounds for the refund. In light of the adequate definition of law and facts in this case, oral argument is not necessary. This court denies defendant's motion.

### Facts

On December 17, 1983, plaintiffs[1] entered a lease agreement with S.D. Leasing, Inc., a California corporation. Plaintiffs each leased 10 to 30 Electrocaine XE–II units (XE–II). The XE–II is an electronic medical device for pain control. The minimum rental cost for the first year was $300.00. Plaintiffs expected to rent their XE–II units to patients on a daily basis for about $120 per month. Both SD Leasing and plaintiffs executed an Investment Tax Credit Lessor's Election Statement in connection with this transaction.

Prior to leasing, plaintiffs extensively investigated the XE–II. Plaintiffs travelled to California to meet S.D. Leasing President, William Tucker. Mr. Tucker gave plaintiffs a presentation of the XE–II. Plaintiffs sought reliable information about the device from medical experts, medical literature, and independent third party appraisals. Plaintiffs analyzed this information on the basis of their own personal experience with medical equipment.

During their investigation, plaintiffs presented information about the XE–II to Rosemary Piper, an IRS Tax Shelter Representative in Seattle. Ms. Piper issued no warnings or objections to plaintiffs.

Plaintiffs, through their agents, took possession of the units from Electrocaine Medical Systems in Los Angeles. Plaintiffs have developed their business through seminar presentations, the appointment of distributors, and the assignment of territories. Plaintiffs have also leased units.

In early 1984, plaintiffs filed returns for the 1983 tax year. In July 1985, IRS agent Bob Thompson audited plaintiffs' returns. This audit denied plaintiffs' claims for investment tax credits and deductions on the XE–II. Plaintiffs paid the amount assessed. Plaintiffs then filed in the United States Claims Court claims for refund.

Plaintiffs filed amended tax returns for 1983, which constituted their claims for refund. Plaintiffs claimed investment tax credits and deductions for rent on the XE–IIs. Each claim included language similar to that found on the Davis' claim:

> "This is a protective claim only." The exact amount of the allowable [investment tax credit] should govern in accordance with the outcome of a test case to be determined at a later date. Based on allegations of the attached case we file this protective claim.

Defendant's Brief, No. 451–89T, filed January 31, 1990, at exhibit A (Def.Br.). Each

---

1. Plaintiffs are nine married couples, all lessors and sublessees of the Electrocaine XE–II units (XE–II). Specifically, they are Stanley J. and Theresa K. Davis, Charles and Mary Filippini, Stephen and Carol Filippini, Donald and Carolyn Fries, Robert and Delores Grimsey, Rodney and Beverly Linton, Arnold and Kay Misterek, Kenneth and Constance Stacy, and Gary and Joanne Wollenberg. The parties have stipulated that plaintiffs Grimsey and Misterek have withdrawn.

amended return also included an "Attachment to Protective Claim." The attachment described in detail plaintiffs' business dealings with the XE–II. The attachment primarily addressed the issue of a valuation penalty. The attachment also referred to "deductions for property management and rent." In the attachment, plaintiffs mentioned two cases which disallowed deductions for enterprises allegedly operated for profit. On their returns, plaintiffs entered an amount on line 22 of Form 1040X, Schedule C (rent on business property) representing the rent paid for the XE–II units.

The defendant moved to dismiss plaintiffs' claims for refund of the deductions. Defendant asserts that plaintiffs did not give the IRS adequate notice of the basis of their refund claims. The Internal Revenue Code forbids any federal court from adjudicating a refund claim until the claimant has filed the claim first with the IRS Commissioner. 26 U.S.C. 7422(a). Thus, the Internal Revenue Code permits no variance between a claimant's claim to the IRS and to a reviewing court. Plaintiffs respond that they filed a claim with the IRS which does not vary from this lawsuit.

### Discussion

Section 7422(a) of Title 26 sets forth the law prohibiting variance between refund claims filed with IRS and with this court:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). The statute refers to regulations. These regulations provide:

[T]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.

26 C.F.R. § 301.6402–2(b)(1) (1989). The doctrine of variance limits a claimant's suit for refund to the grounds shown in the refund application to the IRS. *See, e.g., Pinckes v. United States,* 7 Cl.Ct. 570, 571 (1985). This requirement provides IRS notice of refund claims and ensures IRS an opportunity to investigate before lawsuits arise. *Burlington Northern, Inc. v. United States,* 231 Ct.Cl. 222, 225, 684 F.2d 866, 868 (1982).

The variance doctrine thus alerts IRS to potential refund claims before litigation ensues. Thus, if IRS receives actual notice of a refund claim, the variance doctrine does not bar court jurisdiction. The Court of Claims explained:

[A]n item raised in litigation but not specifically adverted to in the claim might be permitted if it is found that the taxpayer adequately alerted the service to the fact that the item is a ground for refund....

*Union Pac. R.R. Co. v. United States,* 182 Ct.Cl. 103, 109, 389 F.2d 437, 442 (1968). 89 S.Ct. 2017, 23 L.Ed.2d 462. The United States Court of Appeals for the Federal Circuit follows the same reading of § 7422. *Ottawa Silica Co. v. United States,* 699 F.2d 1124, 1138 (Fed.Cir.1983). The Federal Circuit thus requires a trial court to ensure that the IRS has adequate notice of the nature of the claim. *Id.* (citing *Union Pac. R.R.,* 389 F.2d at 442.)

As a prerequisite to maintaining a refund suit, a federal court must ensure that IRS received adequate notice of the claim. In seeking adequate notice, this court may inquire beyond the four corners of plaintiff's tax return. Other written communications to IRS can also supply adequate notice to support litigation under § 7422. *Furst v. United States,* 230 Ct.Cl. 375, 380–81, 678 F.2d 147, 151–52 (1982); *Pinckes,* 7 Cl.Ct. at 571.

In the case at bar, plaintiffs adequately alerted IRS of the grounds for their refund claim. Plaintiffs' amended tax returns, which constituted the claims for refund, included a figure on line 22. These entries under the heading "rent on busi-

ness property" notified IRS of plaintiffs' claim for deductions.

Plaintiffs also explained the entries on line 22 with a detailed attachment. The attachment set forth detailed information about plaintiffs' XE–II leases. The attachment further explained that plaintiffs presented written materials to the IRS Tax Shelter Representative in Seattle. This reference to tax shelter inquiries further alerted IRS to plaintiffs' claims on the lease transactions.

Finally, on the last page of the attachment, plaintiffs referred to "deductions for property management and rent." The attachment also cited two cases involving disputes over deductions for business expenses. These citations further focussed the attention of the IRS on claims for tax deductions.[2]

The claims' entries, together with the information in the attachment, was enough to "alert the service to the fact that the item is a ground for refund." *Union Pac. R.R.*, 389 F.2d at 442. Furthermore, IRS rules "are devised not as traps for the unwary but for the convenience of government officials in passing upon claims for refund and in preparing for trial." *Tucker v. Alexander*, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253 (1927).

▇▇ Plaintiffs contend as well that the IRS had constructive notice of the plaintiffs' refund claims due to IRS involvement with the Electrocaine tax shelter in over 1,000 similar cases. *See, e.g., Haladay v. Commissioner*, 58 T.C.M. 1302 (1990). Similar cases, however, do not give the IRS notice of the grounds for plaintiffs' claims. Related or similar cases might notify the IRS of its own position on the XE–II, but not the specifics of plaintiffs' claims.

Citing *L.E. Myers Co. v. United States*, 230 Ct.Cl. 142, 673 F.2d 1366 (1982), defendant asserts that plaintiffs' claims were misleading. Defendant suggests that

plaintiffs' emphasis on tax credit and valuation penalty claims "deflected attention" from the deduction claims. Def.Br., at 9. In *Myers*, plaintiff asserted at trial that the IRS incorrectly assessed the weight of its vehicles. Plaintiff in *Myers*, however, had made no prior claim related to vehicle weight. In the absence of any prior claim, the Court of Claims dismissed plaintiff's argument.

In the case at bar, however, plaintiffs did not mislead the IRS. Plaintiffs claimed the deduction on line 22. The attachments to the tax return further referred explicitly to deductions for property rent. Furthermore, the cases cited in the attachment addressed the refund of deductions for business expenses. Although plaintiffs alluded in the attachment to a protective claim, this reference should not have mislead the IRS. Other written communications suggested that plaintiffs claimed deductions. Defendant does not show that plaintiffs deliberately "deflected attention" or misled the IRS, nor that plaintiffs did not supply enough written information to put the IRS on notice of the deduction claim.

*Conclusion*

Plaintiffs adequately alerted the IRS of their refund claims. The doctrine of variance does not bar this court from adjudicating this case. This court therefore denies defendant's motion to dismiss in part.

---

**2.** Plaintiffs cited the cases of *Faulconer v. Commissioner*, 748 F.2d 890 (4th Cir.1984) and *Thomas v. Commissioner*, 84 T.C. 1244 (1985), *aff'd.* 792 F.2d 1256 (4th Cir.1986). In *Faulconer* the Fourth Circuit held that Internal Revenue Code (IRC) § 183 is not to be considered if the activity fulfills the requirements of IRC § 212, which allows deductions for property management and rent. In *Thomas,* the Tax Court determined that plaintiff had the burden to notify the IRS of the requested deduction.