HENRY E. WALSHE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walshe v. Commissioner
Docket No. 1922-92
United States Tax Court
T.C. Memo 1994-46; 1994 Tax Ct. Memo LEXIS 48; 67 T.C.M. (CCH) 2119; February 7, 1994, Filed *48 Decision will be entered for respondent. P and C were each 50-percent owners of a design service corporation (Y). P and C purchased property and formed a partnership (X) to operate it. X rented the property to Y. P also used a portion of the property for residential purposes. X took depreciation deductions on the entire property, less the land allocation. In addition, X deducted essentially all expenses related to the operation of the property. Held: P does not qualify for a rollover under sec. 1034, I.R.C., on gain from the sale of property For petitioners: Melanie Garger and Gail Campbell. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court pursuant to the petition of Henry E. Walshe (petitioner) for a redetermination of respondent's determinations reflected in her notice of deficiency. Respondent determined deficiencies in and additions to petitioner's 1987 Federal income tax as follows: Additions to Tax
Sec. Sec. Sec.
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661
$ 58,320
$ 2,916
[1]
$ 14,580
The issues for decision are: (1) Whether *49 petitioner is entitled to roll over gain under section 1034 on the sale of a property; (2) whether petitioner is liable for additions to tax for negligence under section 6653(a)(1)(A) and (B); and (3) whether petitioner is liable for an addition to tax for substantial understatement of tax under section 6661. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits attached thereto are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Northport, New York. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1987, the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner and Thomas Cook (Cook) are both architectural designers. They each owned 50 percent of the common stock of a design service firm, Cook, Walshe & Associates, Inc. (CWA). On July 10, 1981, petitioner and Cook purchased property, a three-story house at 25 Imperial Avenue in Westport, Connecticut (the property); they owned the property as tenants in common. Petitioner and Cook intended to use the property partly as offices for *50 CWA and partly as residential space for petitioner. At the time they purchased the property, it was zoned for residential use only. Petitioner and Cook presented plans to the zoning board of Westport, Connecticut (the zoning board), for dual use of the property, which included petitioner's occupancy of an apartment on the top floor of the house with access to the kitchen and bathroom on the lower floor. After several meetings with the zoning board, the zoning board approved the dual use of the property. Petitioner and Cook formed Imperial Partners on July 10, 1981, the same day they purchased the property, to engage in real estate rental. From its formation through August 31, 1987, the date of its dissolution, petitioner and Cook were equal partners in Imperial Partners. Throughout this period, Imperial Partners rented the property to CWA without a written lease. The rental amount for the property was determined by agreement between the partners and CWA and was designed to cover the property's expenses. During the years 1981 through 1987, Imperial Partners filed Forms 1065, U.S. Partnership Return of Income. On these returns, Imperial Partners depreciated the property based *51 on 100 percent of the property's basis except for the portion of the basis allocated to the land. Also on these returns, Imperial Partners deducted all the expenses related to the property except the telephone bills, which CWA deducted. The same accountant prepared Imperial Partners' 1981 through 1987 returns and petitioner's individual returns from 1981 through 1986. Petitioner began residing in the house in March 1982. The top floor of the house was used to store files, printing equipment, and furniture; petitioner's overnight guests would occasionally sleep there. Petitioner estimated that 50 percent of the house was used by him and 50 percent by CWA. However, petitioner never paid any portion of the electricity, heating, water or telephone bills. In addition, petitioner did not pay any rent for his use of the property because petitioner considered that the property was half his and half Cook's. Petitioner did not consider his rent-free use unfair because Cook had exclusive use of the company car without paying rent for it. In September 1987, petitioner completely terminated his interest in CWA and in the property by way of a Dissolution Agreement. Under the Dissolution *52 Agreement, petitioner sold Cook his one-half interest in the property for $ 285,000. Petitioner's half of the mortgage, in the amount of $ 186,933, was released, for a total selling price of $ 471,933. After subtracting selling expenses of $ 4,160 and his adjusted basis of $ 144,553, [1] petitioner reported a realized gain of $ 323,220 on the sale. Of this gain, petitioner rolled over $ 208,285 and recognized $ 114,935. On Form 2119, Sale or Exchange of Principal Residence, in answer to the question, "Are any rooms in either residence rented out or used for a business for which a deduction is allowed?", petitioner answered "No". OPINION Respondent determined that petitioner's gain on the sale of the property did not qualify for rollover under section 1034 because it was not petitioner's personal residence at the time of the sale, or alternatively, because petitioner *53 did not establish which portion of the property was used as his residence; respondent argues that 100 percent of the property was used for business. Petitioner asserts that 50 percent of the property was used as his principal residence and that he was entitled to roll over his entire gain on the sale of his interest in the property to Cook. [2] As explained below, we agree with respondent. *54 Section 1034(a) generally provides that, if a taxpayer sells property used as his or her principal residence, and within a certain period, the taxpayer purchases another property and uses it as his or her principal residence, any gain from the sale will be recognized only to the extent that the sales price of the old residence, with certain adjustments, exceeds the cost of the new residence. The term "residence" must be contrasted with property used in a trade or business and property held for the production of income. S. Rept. 781 (Supp.) 82d Cong., 1st Sess. (1951), 1951-2 C.B. at 566. Thus, we must determine whether petitioner used the property as his principal "residence" or if instead the property was used in a business. [3] See Davies v. Commissioner, 54 T.C. 170, 175-176 (1970). *55 Whether or not petitioner used the property as a residence depends on all the facts and circumstances of the case, Thomas v. Commissioner, 92 T.C. 206, 243 (1989), including his good faith. S. Rept. 781 (Supp.) 82d Cong., 1st Sess. (1951), 1951-2 C.B. at 566, sec. 1.1034-1(c)(3), Income Tax Regs. The facts and circumstances indicate that the property was used as a business asset. Imperial Partners took deductions for depreciation on the entire property, less the land allocation. Depreciation deductions are only allowed for property used in a trade or business or for the production of income. Secs. 167(a), 262(a). Imperial Partners also deducted the expenses of operating and maintaining the property, except for the telephone bills. Only ordinary and necessary business expenses and expenses for the production of income are deductible. Secs. 162(a), 212, 262(a). Thus, the whole property was treated as an asset used in a business or other income-producing activity, despite the fact that petitioner resided there. See Davies v. Commissioner, supra, at 176 (apartment taxpayer occupied *56 was business property where trust holding apartment building depreciated entire building). Petitioner cannot claim to be unaware of Imperial Partners' business use of the property. Petitioner was a 50-percent partner in Imperial Partners, and received the benefit of 50 percent of the partnership-level deductions for depreciation and other expenses. Cf. id. (taxpayer derived substantial tax benefits by treating her apartment as business property through the mechanism of a trust). Petitioner was also a 50-percent shareholder in CWA, the design corporation renting the property. Moreover, the same accountant prepared Imperial Partners' returns and petitioner's individual returns, with the exception of petitioner's return for his 1987 taxable year. Thus, petitioner is not entitled to roll over any of his gain on the sale of his interest in the property to Cook. Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence, and section 6653(a)(1)(B) imposes an addition to tax equal to *57 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Based on the record, we find for respondent on this issue; petitioner presented no evidence with respect to this addition. [4]
Respondent further determined that petitioner is liable for additions to tax under section 6661. Section 6661 provides for an addition to tax if there is a substantial understatement of income tax. The *58 amount of the addition to tax where it is assessed after October 21, 1986, is equal to 25 percent of the amount attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 500-503 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(A). We uphold respondent's determination on this issue. Petitioner made no relevant disclosures on his return. Moreover, the record does not disclose that petitioner had substantial authority for rolling over a portion of the gain on sale of the property when Imperial Partners had used the property in a business. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. This amo1unt is 50 percent of the interest on the deficiency.↩
1. Petitioner determined his adjusted basis in the property by subtracting all of the depreciation attributed to him as a partner in Imperial Partners.↩
2. We note that petitioner's argument is internally inconsistent. If, as petitioner claims, he used approximately 50 percent of the house and CWA used the other 50 percent, petitioner would not be entitled to roll over 100 percent of the gain on sale of his interest in the property, but only 50 percent. In other words, petitioner cannot properly claim that his interest in the property was used exclusively for residential purposes and Cook's interest was used exclusively by CWA since petitioner and Cook held undivided interests in the property as tenants in common. Instead, when any portion of the property is sold, the portion sold must be properly allocated to personal and business use.↩
3. Bolaris v. Commissioner, 776 F.2d 1428 (9th Cir. 1985), affg. in part and revg. in part 81 T.C. 840 (1983), held that the taxpayers' former residence was their principal residence even though they rented the residence out while trying to sell it. Id. at 1434. In the present case, by contrast, the property was rented to CWA from the time petitioner and Cook acquired it. Where part of a property is used by a taxpayer as his principal residence and part is used for other purposes, such as business, the taxpayer may exclude under sec. 1034 only the portion of the gain allocable to residential use of the property. Sec. 1.1034-1(c)(3)(ii), Income Tax Regs.↩ In the instant case, based on our determination that 100 percent of the property was used in a business, we do not perform an allocation between business and residential use.
4. We also note that petitioner answered "No" to the question on Form 2119 whether any rooms in either residence were rented out or used for business for which a deduction is allowed.↩